IRA B. TUTHILL, Respondent, *v.* EDMUND R. MORRIS, Appellant.

To establish a tender and refusal, such as will discharge the lien of a mortgage, without the tender being kept good, the proof must be clear that the tender was fairly made and deliberately and intentionally refused by the owner of the mortgage or some one duly authorized by him, and that sufficient opportunity was afforded to ascertain the amount due; at least it should appear that a sum was absolutely and unconditionally tendered, sufficient to cover the whole amount due.

In an action to have two mortgages declared extinguished, and to restrain foreclosure, it appeared that defendant, being the owner of the mortgages, which were executed by plaintiff to secure certain notes, proceeded to foreclose by statutory proceedings; he employed S. to engage an auctioneer and to attend the sale on his behalf and see that it was properly conducted. S. was not the attorney in the proceeding, nor was he in any way connected with it, and his first and only connection with defendant or the foreclosure was in compliance with such request; he had no express authority to receive a tender. At the time and place advertised for sale S. attended and was presented with a summons, complaint and order of injunction in an action by plaintiff against defendant. S. declined to receive or to admit service thereof on behalf of defendant. The injunction order directed the sale to be upon the terms, among others,

that ten per cent of the bid be paid down. S. thereupon announced his determination to adjourn the sale. Plaintiff's attorney thereupon tendered to S. a package of greenbacks containing $6,300, saying he wanted to pay the whole amount if S. would let him know what it was; he did not state the amount of the money. S., on being asked if he would not take the money, said he would not, as he was not authorized. He asked plaintiff's attorney what he wanted to pay for; the latter answered, the notes, interest and costs. S. stated he did not know the amount. The auctioneer thereupon, under the instructions of S., announced the adjournment of the sale for thirty days. The amount of principal and interest, as appeared by the notice of sale, was $6,150 and upwards; the amount of costs did not appear. *Held*, that the evidence failed to show a sufficient tender.

The circumstance that a security has become or is invalid and cannot be enforced, either at law or equity, does not entitle a party to come into a court of equity to have it decreed to be surrendered or extinguished without paying the amount equitably due thereon.

To entitle a mortgagor to maintain an action to extinguish the lien of his mortgage because of a tender of the amount due and a refusal to accept, the tender must be kept good.

The rule that a party coming into a court of equity for affirmative relief must himself do equity, requires, in such case, that the mortgagor pay the debt secured by the mortgage, with costs, in any foreclosure proceedings, and the interest at least up to the time of the tender.

The most that can equitably be claimed by the mortgagor is relief from the payment of interest and costs, subsequent to the tender, and to entitle him to this he must keep the tender good from the time it was made.

(Argued March 11, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This action was brought to restrain the defendant from selling certain premises in statutory proceedings to foreclose two mortgages thereon and to have the same adjudged to be extinguished and to require defendant to cancel the same of record, on the ground that the amount of the mortgages was duly tendered and refused.

The mortgages were executed by plaintiff. The mortgagees commenced proceedings to foreclose the same by advertisement under the statute. Pending the proceedings they as-

signed the mortgages to defendant. Defendant requested one Steers, an attorney, to attend the sale for him. The circumstances and the nature of the employment, together with the occurrences out of which the alleged cause of action accrued, are set forth in the opinion.

*J. Lawrence Smith* for appellant. The rule, that the refusal of the mortgagee to accept payment of the mortgage debt when tendered discharges the lien of the mortgage, should not be enforced unless it conclusively appears that the tender was properly made, and to a person authorized to receive it. (*Rosevelt* v. *Bull's Head Bank*, 45 Barb. 583 ; *The Brooklyn Bank* v. *Degraw*, 23 Wend. 341 ; *Wilder* v. *Seelye*, 8 Barb. 409 ; 2 Parsons on Contracts, 644, note *m* [6th ed.] ; *Wood* v. *Hitchcock*, 20 Wend. 49 ; *Hale* v. *Patton*, 60 N. Y. 257; *Loring* v. *Croke*, 3 Pick. 48 ; *Richardson* v. *Boston Chemical Laboratory*, 9 Met. 42 ; 2 C. & P. 51 ; 6 id. 237 ; 1 id. 257; 7 D. & R. 119 ; 5 id. 289 ; 5 Esp. 48 ; 1 C. & P. 419.) A tender to an attorney or agent, who is authorized to demand payment but not to receive it, would not be effectual. (*Guessy* v. *Schneider*, 50 How. Pr. 134.) Plaintiff was bound to seek defendant if within the State. (*Smith* v. *Smith*, 25 Wend. 405 ; 2 Hill, 351 ; *Houbie* v. *Volkening*, 49 How. 169.)

*George Miller* for respondent. Authority to receive a tender was incident to the business intrusted to Steers in foreclosing the mortgages. (*Jackson* v. *Crafts*, 18 Johns. 110 ; *Mills* v. *Hunt*, 20 Wend. 431 ; *Moffett* v. *Parsons*, 5 Taunt. 307 ; *Anonymous*, 1 Esp. 349 ; 2 Cowen's Treatise, 810 ; Bacon's Abr., tit. Tender, G.)

Rapallo, J. The uncontroverted evidence shows that Mr. Steers, to whom the tender relied upon by the plaintiff was made, was not the attorney in the foreclosure proceedings, nor connected with such attorney, nor the agent of Mr. Morris, except for the specific purpose for which he was employed. That his first and only connection with Mr. Morris or the fore-

closure was that he was requested, on behalf of Mr. Morris, to go to the place of sale and engage an auctioneer, and to attend the sale and see that it was properly conducted. It may also be inferred from the testimony that he was instructed that the sale should be for cash. It is conceded by the respondent's points that Mr. Steers had no express authority to receive a tender, and that none was thought of. Mr. Steers did not know nor was he informed of the amount due for principal, interest or costs, beyond such information as was afforded by the notice of sale, nor does it appear that he had any means of ascertaining the amount of the costs. He was not empowered to receive the purchase-money, for this would be payable only on the execution of the deed by the mortgagee. When he arrived at the place appointed for the sale he was presented with a summons, complaint and order of injunction in an action by the plaintiff against Mr. Morris, but declined to receive or admit service thereof on behalf of Mr. Morris, on the ground that he was not his attorney. The injunction order was then read to him. It ordered that the sale be upon the terms, among others, that not more than ten per cent of the amount bid be paid down. He stated, as testified to by the plaintiff's attorney, that he was instructed to sell for cash and said that if he could not do that, he should adjourn the sale, and accordingly instructed the auctioneer to adjourn the sale for thirty days. After he had announced his intention to adjourn the sale, but before he had instructed the auctioneer, and as he was about doing so, the alleged tender was made by Mr. Tuthill, one of the plaintiff's attorneys, in the following manner, as testified to by Mr. Tuthill: Mr. Tuthill testifies that he tendered, to Mr. Steers, a quantity of greenbacks, amounting, in fact, to $6,300, and said to Mr. Steers that he tendered the money in behalf of the plaintiff, for the whole amount due. That he did not state how much money there was, but tendered it, and said to Mr. Steers "I want to pay the whole amount if you will let me know how much it is," and Steers replied that he did not know. Witness then said: "Will you take this money?" and he said he would not, and asked what witness wanted to pay for, and witness

said that he wanted to pay for the notes, interest and costs. Immediately after this conversation the auctioneer, under the instruction of Mr. Steers, announced the adjournment of the sale for thirty days.

Mr. Steers testified that in declining to receive the money he stated that he was not authorized, and that the sale was adjourned.

We perceive nothing in the course pursued by Mr. Steers indicating any purpose to oppress or take any undue advantage of the plaintiff. By the adjournment of the sale the plaintiff was relieved of all immediate pressure, and ample time was afforded, if he in good faith desired to pay off the mortgages, to seek the proper party and have the amount of interest and costs ascertained. It is apparent that the tender made was a complete surprise, and that even if Mr. Steers had authority to receive payment of the mortgages, he was not in a situation to do so at that time or place. It is by no means clear that a person, not the attorney in the proceeding, but merely casually employed to superintend a mortgage sale, and see that it is properly conducted, is by such employment authorized to receive the principal of the mortgage, but irrespective of that point, when he announces that he is ignorant of the amount due for principal, interest and costs, and it is evident that he has not the means of information at hand as to the exact amount, it would be in the highest degree unreasonable to hold that a person thus situated is bound to take the responsibility of accepting or refusing a tender, and that his refusal discharges the lien of the mortgage. Insisting upon the immediate acceptance of a tender under such circumstances, and when the sale is about to be adjourned, indicates rather a design on the part of the mortgagor to take an unfair advantage of the mortgagee, than to relieve himself from oppression.

Furthermore, there is no evidence in the case showing that the sum tendered was the full amount of principal, interest and costs. The sum tendered is said to have been $6,300. The amount of principal and interest, according to the notice of sale, was $6,150 and upwards. What was the amount of the costs

in no manner appears in the case. To this point it is answered that Mr. Steers did not object that the amount tendered was insufficient, and that the plaintiff was ready to pay whatever amount was due. But Mr. Steers did state that he was ignorant of the amount, and he did not occupy such a relation to the case that it could be presumed that he knew, or that it was his duty to know, the precise amount.

Neither does it appear that any specific amount was tendered. The plaintiff's witness, Mr. Tuthill, exhibited a quantity of bills, but he admits that he did not name the amount, though he asked Mr. Steers to count them, and taking the whole evidence it is not clear that Mr. Tuthill offered to pay the whole amount he had in his hand, if it exceeded the amount due. When asked what he wanted to pay, he replied the notes, interest and costs. He had previously said that he wanted to pay the whole amount if Mr. Steers would let him know how much it was, and Steers had told him he did not know. The fair construction of this testimony is that he desired to pay the amount due only, and before paying, desired to be informed of the amount, but that the person to whom he applied had not the means of giving the information.

We are of opinion that the plaintiff failed to make out a tender to the defendant, and a refusal which discharged the lien of the mortgage. In view of the serious consequences resulting from the refusal of such a tender, the proof should be very clear that it was fairly made, and deliberately and intentionally refused by the mortgagee, or some one duly authorized by him, and that sufficient opportunity was afforded to ascertain the amount due. At all events, it should appear that a sum was absolutely and unconditionally tendered, sufficient to cover the whole amount due. The burden of that proof is on the party alleging the tender.

But even if a sufficient tender had been made out, this action could not, in our judgment, be maintained. Although the authorities cited sustain the proposition that when a tender has been duly made of the full amount due, it will discharge the lien, and be a good defense against its enforcement, without the

tender being kept good, yet we are clearly of opinion that it should be kept good in order to entitle the mortgagor to the affirmative relief which he seeks in this action, and which the judgment awards him, viz., the extinguishment of the mortgage. A party coming into equity for affirmative relief must himself do equity, and this would require that he pay the debt secured by the mortgage, and the costs and interest, at least up to the time of the tender. There can be no pretense of any equity in depriving the creditor of his security for his entire debt, by way of penalty for having declined to receive payment when offered. The most that could be equitably claimed would be to relieve the debtor from the payment of interest and costs subsequently accruing, and to entitle him to this relief, he should have kept his tender good from the time it was made. If any further advantage is gained by a tender of the mortgage debt, it must rest on strict legal rather than on equitable principles. The circumstance that a security has become or is invalid in law, and could not be enforced, even in equity, does not entitle a party to come into a court of equity, and have it decreed to be surrendered or extinguished, without paying the amount equitably owing thereon. Even securities void for usury would not be canceled by a court of equity, without payment of the debt with legal interest, until, by statute, it was otherwise provided. This statute does not change the general principle of equity, but on the contrary recognizes it, by excepting cases of usury from its operation. On this ground, even if the alleged tender could be sustained, the plaintiff was not entitled to a decree for the unconditional extinguishment of the mortgage.

We are of opinion, however, as already stated, that no sufficient tender was shown, and that on both grounds the judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.