DAVID E. DAY, APPELLANT AND RESPONDENT, *v.* JAMES C. STRONG, APPELLANT AND RESPONDENT.

*Mortgage — discharge of the lien of it by a tender — right of a subsequent incumbrancer to compel an assignment of it to him — upon what terms it will be ordered.*

A tender made to one holding a mortgage upon real estate by a subsequent incumbrancer, will not operate as a discharge of the prior lien unless such was the clear intent of the party making it and the tender was an absolute and unconditional one. It will not discharge the lien of the mortgage if it be accompanied by a demand for an assignment of the mortgage.

In an action brought to foreclose a mortgage one of the defendants, a subsequent lienor, set up as a defense a tender of the amount due upon the mortgage, and a demand for an assignment thereof, made prior to the commencement of the action. He had not brought any action to compel an assignment of the mortgage, nor had he paid the money into court when the tender was made or pleaded.

*Held,* that to entitle him to a judgment, compelling the plaintiff to assign the mortgage to him, he must pay the amount due, with interest to date, together with the costs of the foreclosure.

CROSS-APPEALS from a judgment, entered upon the report of a referee in an action to foreclose a mortgage.

The action was commenced March 29, 1872, to foreclose a bond and mortgage dated October 2, 1869, given by Victorine McCloskey and her husband to George F. Lee, and by him assigned to the plaintiff, November 1, 1870, with a guaranty by said Lee and Joseph L. Fairchild of the collection thereof.

The defendant Strong held a judgment recovered against Victorine McCloskey by Isabella Chamberlain, docketed in Genesee county, March 24, 1870, and assigned to Strong, February 21, 1871.

Upon an execution issued under said judgment the mortgaged premises were sold by the sheriff of Genesee county to Strong, June 16, 1871, and the certificate of sale issued to him.

The plaintiff Day also held a judgment recovered by him against Victorine McCloskey, April 4, 1870, and docketed April 5, 1870, in Genesee county, and which was also a lien on the mortgaged premises.

When the plaintiff was about to foreclose his mortgage negotiations took place between him and the defendant Strong for the purchase by Strong of both the mortgage and the plaintiff's judgment, but that arrangement was not consummated.

The defendant Strong then made two demands upon Day for an assignment of the bond and mortgage, one on August 26, 1871, and one on September 2, 1871, accompanying each demand with the tender of a written assignment for Day to execute (which also contained a covenant of the amount due on the bond and mortgage), and which Day refused to execute.

Neither of said tenders was kept good, nor did Strong bring an action to compel an assignment of the bond and mortgage. The defendant Strong alone defended this action, alleging the above tenders and claiming that the complaint be dismissed on that account.

The referee found as matters of law:

1. "That the tenders made by defendant Strong to the plaintiff Day were sufficient in equity to discharge the lien of the plaintiff's mortgage from the land and to entitle the defendant Strong to an assignment of the bond and mortgage in suit."

2. "That the plaintiff by his silence waived the objection, which he rightfully had, to the execution of the assignment containing a covenant."

3. "That upon the payment by defendant Strong to plaintiff of the amount due on said bond and mortgage at the date of said tender, viz., $680.75, judgment be entered dismissing said complaint as to the defendant Strong and declaring said mortgage not a lien upon said premises."

4. "That defendant Strong recover of the plaintiff his costs to be taxed."

*David F. Day*, for the plaintiff, appellant and respondent, in person.

*James C. Strong*, for the defendant, appellant and respondent, in person.

HARDIN, J.:

*Frost* v. *Yonkers Savings Bank* (70 N. Y., 553) is an authority for saying that when a tender is made by a subsequent incumbrancer it will not operate as a discharge of the prior lien unless such is the clear intent of the party making such a tender. EARL, J., said, in that case, viz. : " If one desires to make a tender which shall destroy the lien of an incumbrance, and have, so far as it concerns it, the effect of payment, he must make an absolute tender of *payment*, which if received will discharge the debt and *the incumbrance*." In the written notice and demand served by Mr. Strong, the subsequent incumbrancer, upon the plaintiff on the 2d of September, 1871, is a clear indication of an intent to offer what was due upon plaintiff's mortgage for the purpose of obtaining an assignment of it and not to pay it. The following words were inserted, viz. : " I, therefore, being a junior incumbrancer, herewith tender you the amount due upon the said mortgage, principal and interest, and as such junior incumbrancer *demand an assignment* to me of said mortgage and that I be subrogated to all your rights thereon." It is clear from the oral evidence as to this and the other tender made upon the twenty-sixth of August that the tender was not for the purpose of payment and cancellation of the plaintiff's lien, but for the purpose of acquiring the ownership thereof. Indeed, each tender was accompanied with a request to assign the mortgage as a valid, unpaid, undischarged security, therefore neither of the tenders operated as payment and discharge of the mortgage or the lien thereof. The mortgage, after such tenders and the refusals to accept them, remained valid and a lien upon the lands of the mortgagor. (*Frost* v. *Bank*, *supra*.) It was an assignment of the prior mortgage which Strong sought, and according to well settled rules he was entitled to have an assignment upon payment of an amount

equivalent to the debt and interest, and any costs made incident to the debt and lien. (*Ellsworth* v. *Lockwood*, 42 N.Y., 97; *Twombly* v. *Cassidy*, 82 id., 155; *Cole* v. *Malcolm*, 66 id., 366; *Belden* v. *Slade*, 26 Hun, 635.) If the defendant Strong had brought an action to compel the assignment by the plaintiff of his mortgage it would have been his duty to pay, or offer to pay, the debt and interest; and if the action had not been brought until foreclosure proceedings had been instituted by the plaintiff, then and in that case the right to an assignment could not have been asserted without payment of plaintiff's debt, interest and costs of the foreclosure. (1 Hill. on Mort., 397; *Belden* v. *Slade, supra.*) As the defendant Strong did not bring an action to compel the assignment of plaintiff's mortgage, but waited for the plaintiff to commence his action of foreclosure and then set up the facts in respect to the tenders and request to assign, he ought to have brought the money tendered into court, and kept the same identical money tendered ready for the plaintiff in order to avoid *interest*. (*Tuthill* v. *Morris*, 81 N. Y. 100; *Johnson* v. *Zink*, 51 id., 335; *Harris* v. *Jex*, 55 id., 425.) No such money was brought into court. The defendant Strong, therefore, was not entitled to have the plaintiff adjudged to make an assignment of the mortgage without payment of the whole amount of debt, interest and costs of the foreclosure. (*Belden* v. *Slade, supra.*) The judgment must be reversed and a new trial ordered before another referee, with costs of one appeal to abide the final award of costs.

SMITH, P. J., and BARKER, J., concurred.

Judgment reversed and new trial ordered before another referee, with costs of one appeal to abide the final award of costs in the action.