JAMES P. FOSTER, RESPONDENT, *v.* MORRIS MAYER, APPELLANT.

*Payment into court — as a condition of equitable relief granted to the payor — right of the adverse party to have the money paid over to him.*

James P, Foster, who had purchased certain premises of persons named Cavinato, subject to two bonds and mortgages given by them to Morris Mayer, alleging that he had tendered the amount due upon the mortgages, brought an action against Mayer to have the mortgages canceled of record.

Subsequently Mayer began an action in the Court of Common Pleas of the city of New York to foreclose the mortgages, in which latter action the defense of usury was interposed. Thereupon Foster applied, in the action brought by him, for an order restraining the prosecution of the foreclosure action until the determination of his action, which order was granted upon condition that Foster should deposit with the clerk of the court the amount admitted by him to be due Mayer upon the mortgages, which deposit was duly made.

Mayer then moved that the chamberlain of the city of New York be directed to pay over to him the deposit so made ; which motion was denied.

Upon appeal by Mayer from the order denying this motion, it was

*Held,* that the motion should have been granted.

That the money was concededly due to Mayer, and was to be placed within his control as a condition of granting to Foster the equitable relief asked for — an injunction restraining the further prosecution of the foreclosure action.

*Nelson* v. *Loder* (132 N. Y., 291) followed.

APPEAL by the defendant Morris Mayer from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 3d day of June, 1892, denying a motion for an order directing the chamberlain of the city of New York to pay to the defendant the sum of $6,186, deposited by the plaintiff with the clerk of the court under an order thereof.

It appeared upon the motion that the plaintiff James P. Foster had purchased the premises in question of persons named Cavinato, subject to two bonds and mortgages, which had been given by the Cavinatos to Morris Mayer, the defendant.

*Sol. Kohn,* for the appellant.

*E. Schenck,* for the respondent.

VAN BRUNT, P. J. :

This action was brought for the cancellation of record of two mortgages upon premises purchased by the plaintiff, the plaintiff

claiming that he had tendered the amount due upon the mortgages, and hence that the liens created by said mortgages were discharged.

Shortly after the commencement of this action the defendant began an action in the Court of Common Pleas for the foreclosure of these mortgages. The defense interposed was usury, and the cause having been set down for trial, the plaintiff herein applied in this action for an order to restrain the prosecution of the foreclosure suit until the determination of this action; which motion was granted upon condition that the plaintiff should deposit with the clerk of the court the amount admitted by him to be due to the defendant upon the mortgages, with interest. The plaintiff thereupon made such deposit, and the defendant subsequently moved for a direction that the chamberlain pay over to him the money so deposited. This motion being denied, this appeal was taken from the order thereupon entered.

The right of the defendant to receive this money at any time seems to be apparent, as it is a sum admitted to be due from the plaintiff to the defendant, and was not deposited to abide the event of the action. The object of the deposit was to place within the control of the defendant the amount admitted to be due, and was made in order that equitable relief might be granted. It seems to be needless to cite authorities to show that a deposit being made under such circumstances, if the defendant desires to avail himself of the deposit he has a right to do so at any time. But the case of *Nelson* v. *Loder* (132 N. Y., 291), expressly disposes of this question. The court say: " If a debtor wishes to extinguish his liability for subsequently accruing interest, *or demands some affirmative relief,* he cannot retain the money subject to his own use, but must devote it to the specific purpose of paying the debt, and put it within the power of the creditor to receive it at any time."

In the case at bar, as has already been stated, the equitable relief demanded was the cancellation of the mortgages, and an injunction restraining the prosecution of the foreclosure action.

It would seem, therefore, beyond question that the defendant was entitled to this money admitted to be due upon the mortgages, and, therefore, admitted to belong to him at any time he chose to take it.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

O'BRIEN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.