JAMES P. FOSTER, Appellant, *v.* MORRIS MAYER, Respondent.

*Mortgage — unaccepted tender of the amount due — right to its cancellation of record — bringing money into court a condition precedent.*

Although at the commencement of an action brought to procure an adjudication discharging of record the lien of a mortgage by force of an unaccepted tender made of the amount due thereon, the plaintiff was not entitled to relief because of his failure to bring the money into court, still if he subsequently brings the amount due into court and the defendant insists upon taking it, and is permitted by the court so to do, the plaintiff will then become entitled to the relief asked for, of having the bond and mortgage canceled upon terms

APPEAL by the plaintiff, James P. Foster, from a judgment of the Supreme Court dismissing the complaint upon the merits, entered in the office of the clerk of the city and county of New York on the 17th day of January, 1893, upon a decision of the court after a trial at the New York Special Term.

*E. Schenck*, for the appellant.

*Sol Kohn*, for the respondent.

VAN BRUNT, P. J.:

This action undoubtedly was brought upon an erroneous theory, it being supposed that, under the rules laid down in *Kortright* v. *Cady* (21 N. Y. 343) and subsequent cases in the same line, where a tender had been made of the amount due upon a bond and mortgage, which tender had not been accepted, the lien of the mortgage being lost, the mortgagor had a right to come into a court of equity and have the lien discharged of record.

This position upon the part of the plaintiff, unless, at the time of commencing the action, he brought the money into court, was entirely untenable, as a court of equity will not, by its decree, grant equitable relief, unless the plaintiff does equity. But it appears that subsequently, in order to obtain equitable relief in this action, the plaintiff brought the money into court, being the amount of principal and interest upon the bond and mortgage, and the defendant insisted upon taking it, and, under the decision of this General Term, was permitted to receive it. By such action, the defendant accepted the tender, and consequently the plaintiff was entitled to have the bond and mortgage canceled. If the defendant had desired to insist upon the invalidity of the tender, and that the money was not brought into court in time, and that, therefore, he should be permitted to go on with the foreclosure of the mortgage, he certainly should not have insisted upon the receipt of the money deposited in this action pursuant to the order of the court. As has already been stated, the acceptance of such money, after it had been paid into court, was an acceptance of the tender; and then the only question which remained was upon what terms the plaintiff was entitled to the relief of having the bond and mortgage canceled.

If any other rule obtained, the result of these proceedings would

be that the defendant would have the money represented by the bond and mortgage in his pocket, and still hold the lien represented by the mortgage against the property of the plaintiff, which is certainly not equitable nor proper.

The court, therefore, erred in dismissing the complaint, although at the time of the commencement of the action the plaintiff, probably, was not entitled to any relief. The subsequent proceedings, however, acquiesced in by the defendant, gave him the right to have this bond and mortgage canceled upon terms to be fixed.

We think, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the final event.

Follett and Parker, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide the final event.