(26 Misc. Rep. 761.)

ZEITLIN v. ARKAWAY et al.

(Supreme Court, Appellate Term. March 24, 1899.)

1. TENDER—SUFFICIENCY—QUESTIONS FOR JURY.
    Where the evidence is conflicting, the question whether a tender made to one who held goods to secure a lien was coupled with a condition is for the jury.
2. SAME.
    Where the evidence is conflicting, the question whether a tender made to one who held goods to secure a lien was for the amount of the lien is for the jury.
3. SAME—NECESSITY OF TENDERING EXACT AMOUNT.
    A tender made to one who holds goods to secure a lien need not be for the exact amount of the lien, provided it is for an amount sufficient to pay it.
4. SAME.
    When one who holds goods to secure a lien thereon positively refuses to release them, one making a tender of the amount of the lien need not comply with all the formalities.

Appeal from municipal court, borough of Manhattan, First district.

Action by Samuel Zeitlin against Hyman Arkaway and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Solomon S. Schwartz, for appellants.
Louis Levy, for respondent.

LEVENTRITT, J. The plaintiff sued in conversion to recover the value of certain cotton goods which his assignor delivered to the defendants to be made up into collars and cuffs. He claims that prior to the commencement of the action he duly tendered to the defendants the amount to which they were entitled for their work. The defendants admit receipt of the material, and establish performance of the work, but challenge plaintiff's valuation of the goods, and assail the alleged tender as bad in form and insufficient in amount. Upon the issue of value, testimony was adduced on both sides, thus

producing a situation which required merely the weighing of evidence. The jury, guided by the proper instructions of the justice, determined on an amount which, though less than that claimed by the plaintiff, was amply supported by the evidence.

This leaves for our consideration the subject of tender. The defendants criticise it as having been coupled with a condition, and therefore, as a matter of law, unavailing. There can be no question that the defendants had a lien for their work, and had a right to detain the finished goods until the lien was discharged, either by payment or tender. Kafka v. Levensohn, 18 Misc. Rep. 202, 41 N. Y. Supp. 368. And that tender must be absolute and free from all conditions. Tuthill v. Morris, 81 N. Y. 94; Noyes v. Wyckoff, 114 N. Y. 204, 21 N. E. 158. Recourse must be had to the record, to determine whether this tender was unconditional. It is admitted that the proffer of money was made by one Kopple, and that two persons accompanied him. Kopple, narrating what transpired between him and the defendant Wegh on that occasion, says:

"I told him I had eighty dollars with me, and showed him the money. I told him he should give me a bill, and whatever it came to I would settle; that I wanted the goods; that we needed them badly,"—and that Wegh replied, " 'I can't give them to you.' He said to go to see his lawyer."

*On his cross-examination he restates the interview as follows:*

"I told him I had eighty dollars in my pocket, and was willing to pay whatever the bill came to, if he would give me the goods. He said: 'I can't give it. Go to see my lawyer.' I told him I would pay whatever it came to, and he said to 'go to see my lawyer.' I said: 'What have I got to do with your lawyer, as long as I will pay you what is coming to you?' He said: 'Do whatever you please.' "

When called in rebuttal, the defendants' counsel further interrogated Kopple as follows:

"Q. On the 3d day of June, 1898, when you called at the residence of Mr. Arkaway, did you have eighty dollars with you? A. Positively, eighty dollars in my pocket. Q. And, having that money in your pocket, you said: 'I have eighty dollars. Make out a bill, and I'll pay you'? A. He should give me the goods, and I will pay him. Q. 'First give me the goods'? A. No, sir. 'Here is your money, give me the goods.' * * * Q. You didn't put the money in such a position as defendant would take it? A. I had it in my hand. Q. Did you put the money in such a position as Mr. Wegh would take it? A. I can't understand you. I held the money in my hand. I had it counted out."

One of the two witnesses who accompanied Kopple testified that, when the latter offered Wegh the money and made the demand, Wegh said: "You can't get the goods. Go to see my lawyer." This testimony is corroborated by the other witness. The defendant Wegh did not testify, and but one witness was called by the defense on the subject of tender. She used this language:

"He [Kopple] stood there and said: 'Here is $70. Give me my cuffs and collars.' Mr. Wegh says, 'Give me the full amount, $76.30, and I will return your cuffs and collars.' And he says, 'I have $70.' Wegh says, 'Wait until I see my lawyer.' He says, 'I can't wait,' and went off."

Kopple flatly contradicted her testimony as to the amount, and persisted in his statement that it was $80.

We have thus cited all the testimony shedding any light upon the

nature and amount of the tender.   On this evidence we are asked to hold, as a matter of law, that the tender was coupled with the condition that a bill for the work should first be rendered, and that an insufficient sum was offered to discharge the lien.   Both were questions for the jury.   It cannot be said, as a matter of law, that the request for the bill was made a condition precedent to the payment of the money.   The testimony is consistent with a mere inquiry as to the amount of the defendants' bill.   It was for the jury to say whether there was an absolute, unqualified proffer of the money; and, adopting what appears to us the more reasonable construction, they found that the offer was without condition.   Also as to the amount of the offer there is presented a decided conflict.   It is conceded that under their lien the defendants were entitled to $76.30.   They maintain that only $70 were produced, while the plaintiff insists that the sum was $80.   Upon request of the defendants, the justice properly charged the jury that they had a right to refuse to accept any sum less than $76.30, the amount of their lien.   The jury gave credence to the plaintiff's version, and we are not disposed to disturb their finding.   There is no merit in the defendants' contention that the tender was bad because the exact amount of the defendants' lien was not proffered.   The law merely requires the tender of a sufficient amount.   Even if there were otherwise force in the defendants' contention of the invalidity of the tender, their positive refusal to deliver the goods relieved the plaintiff from complying with futile formalities.   Duffy v. O'Donovan, 46 N. Y. 228;   Nelson v. Elevating Co., 55 N. Y. 484;   Lawrence v. Miller, 86 N. Y. 131;   Keg Co. v. Brown, 9 N. Y. St. Rep. 91.

We have considered the rulings of the justice with reference to the admission and exclusion of evidence, as also his refusal to charge as requested by the defendants' counsel.   We find that the exceptions urged upon this appeal are ineffectual.   The judgment is correct, and must be affirmed.

Judgment affirmed, with costs to the respondent.   All concur.