(75 App. Div. 290.)

McNEIL v. SUN & EVENING SUN BUILDING MUT. LOAN ACCUMULAT-
ING FUND ASS'N et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. BUILDING AND LOAN ASSOCIATION—MORTGAGE—TENDER—INTEREST—TAXES.
   Plaintiff was a member of and borrower from the defendant building
   and loan association, owning shares which matured February 19, 1900.
   Soon after the shares matured he asked the secretary for a statement
   of his account and the amount due, and about March 1st received a
   statement dated May 19th, which showed the condition of the account
   at the time the shares matured except that it improperly charged him
   with items of "earnings loss." Plaintiff disputed such items, and on
   August 2d tendered defendant the amount which was actually due from
   him on February 19th, without adding anything thereto for interest from
   that date, or for taxes on the mortgaged premises, which defendant had
   paid in the meantime, and demanded the satisfaction of the mortgage
   given by him; which was refused. Held, that the tender was insufficient,
   and the satisfaction properly refused.

2. MORTGAGE—TENDER—KEEPING GOOD—EQUITY—RELIEF.
   Where a mortgagor sues in equity to have his mortgage and debt can-
   celed on the ground that he has tendered to the mortgagee the full
   amount due, and where it is bound to keep his tender good, and where it is shown
   that he borrowed the money tendered, and immediately after the tender
   was refused he returned the money to the lender, and does not produce
   it in court, plaintiff is not entitled to such relief.

3. SAME—PLEADING—ALLEGATION OF TENDER—DENIAL—ISSUES.
   Where, in an action to require the cancellation of a mortgage and debt,
   plaintiff complained that he had "duly tendered to defendant the said
   sum * * * in full satisfaction and accord of indebtedness," such
   plea implies that plaintiff has done all that the law requires to con-
   stitute a tender, including keeping the tender good; and a denial in the
   answer that plaintiff "duly tendered," etc., raises an issue as to the
   tender having been kept good.

Appeal from trial term, Kings county.

Action by John P. McNeil against The Sun & Evening Sun Build-
ing Mutual Loan Accumulating Fund Association and another to com-
pel the satisfaction of a mortgage. From a judgment in favor of de-
fendants, plaintiff appeals. Affirmed.

Plaintiff was a member of and borrower from the defendant association,
owning shares which matured February 19, 1900. Soon after the shares
matured, he asked the secretary for a statement of his account and the
amount due, and about March 1st received a statement dated May 19th,
which showed the condition of the account at the time the shares matured
except that it improperly charged him with items of "earnings loss." Plain-
tiff disputed such items, and on August 2d tendered defendant the amount
which was actually due from him on February 19th, without adding anything
thereto for interest from that date, or for taxes on the mortgaged premises,
which defendant had paid in the meantime, and demanded the satisfaction
of the mortgage given by him; which was refused.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Cornelius J. Earley, for appellant.
Herbert Reeves, for respondents.

JENKS, J. The evidence sustains the decision at special term that
the sum tendered was not sufficient to discharge the mortgage debt.

There can be no question whether the taxes paid by the defendant were chargeable in the amount due, as the mortgage specifically authorizes such payment and such charge. The evidence is undisputed that the taxes were paid prior to the tender of August 2, 1900. It appears that the secretary of the defendant furnished a statement to plaintiff upon request, and that therefrom the plaintiff figured the amount of his tender. The statement is dated May 19, 1900, and the plaintiff testifies that he received it about March 1, 1900, and that he did not make tender until August 2, 1900. But this statement does not purport to show the amount due upon the mortgage, but in form appears to sustain the testimony of the secretary that it was a statement of dues, arrears, and deductions representing the account of the plaintiff as a stockholder in the defendant corporation. Instead of depending on a calculation upon such a statement for the amount to be tendered upon the mortgage several months later, I see no reason why the plaintiff, by simple inquiry, could not definitely have ascertained the exact amount thereof. Further, as, in this case, the mortgagor sues in equity for affirmative relief, the plaintiff was bound to keep his tender good. Tuthill v. Morris, 81 N. Y. 94; Werner v. Tuch, 127 N. Y. 217, 27 N. E. 845, 24 Am. St. Rep. 443; Nelson v. Loder, 132 N. Y. 288, 30 N. E. 369. There is no pretense that he did so. On the contrary, he testifies that after he made tender he returned the money to his brother, from whom he had obtained it. He did not have the amount tendered with him even in court. The learned counsel for the plaintiff insists that the defendant is precluded from taking the objection that the tender was not kept good, for the reason that he did not plead this omission. The plaintiff complained that he had "duly tendered to the defendant corporation the said sum * * * in full satisfaction and accord of indebtedness," and the defendant denied that the plaintiff duly tendered, etc. I think that the plea of due tender may be held to imply the allegation that the plaintiff has done in the premises all that the law requires to constitute a tender in such a case.

I think that the case was correctly disposed of by the learned special term (Mr. Justice Dickey presiding), and that, therefore, the judgment must be affirmed, with costs. All concur.