(77 App. Div. 321.)

SCHIECK v. DONOHUE et al.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. MORTGAGE—OTHER ACTIONS PENDING—ANSWER.
　　Code Civ. Proc. § 1628, provides that during the pendency of a real estate foreclosure action no other action shall be maintained to recover the whole or any part of the mortgage debt, "without leave of court" where the foreclosure action is pending. *Held*, that an answer was demurrable which sought to set up another pending action as a bar to such a proceeding, without pleading, also, that the other action was brought without leave of court.

2. SAME—COMPLAINT.
　　Code Civ. Proc. § 1629, provides that the complaint in an action to foreclose a mortgage on real estate must state whether any other action has been brought to recover any part of the mortgage debt. *Held*, that a complaint which averred "that no other action had been had for the recovery of the said sum secured by the said bond and mortgage" was sufficient.

3. SAME—DEFAULT IN INTEREST—OPTION TO DECLARE DUE—TENDER.
　　Where it is expressly agreed in a mortgage that a default of 30 days in the payment of semiannual interest should cause the whole sum to

become due and payable, at the option of the mortgagee, and a tender in cash of the interest due is made within the 30 days, followed by a continuing readiness to pay the same, the mortgagee has no ground for exercising the option.

Appeal from special term, New York county.

Action by August Schieck against Annie Donohue and others. From an interlocutory judgment in favor of plaintiff, defendants appeal. Reversed in part.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

J. Wilson Bryant, for appellants.
Peter Cook, for respondent.

HATCH, J. This action is brought to foreclose a mortgage, after default in the payment of interest, under a clause therein authorizing the mortgagee upon such default to elect to treat the whole amount as due. In the fourth paragraph of the answer the defendant avers, for a further and separate defense, that there was another action pending between the same parties, brought by the plaintiff for the same sum of money, and that it is now pending. The fifth paragraph pleads a tender of payment within the time prescribed in the mortgage. The demurrer was to these two defenses, and was based upon the ground that each was insufficient in law upon the face thereof. The demurrer to the fourth paragraph was sustained upon the ground that section 1628 of the Code of Civil Procedure does not prohibit the bringing of an action to recover the whole or any part of the mortgage debt, but that such action may be brought with leave of the court in which the foreclosure action is pending. The answer does not aver that the action which it pleads in bar was brought without leave of the court, and therefore such pleading was held bad for failure to make such averment. To this extent, we think the demurrer is good.

It is claimed in aid of the defendant that the complaint is bad in failing to allege that no action has been brought to recover any part of the mortgage debt, and that therefore she may attack such pleading; and such undoubtedly is the rule. By the provisions of section 1629, the complaint in an action to foreclose a mortgage is required to state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part thereof has been collected. These two sections, construed together, make it the evident purpose that no action shall be brought to recover a mortgage debt where an action to foreclose the mortgage is pending, and in order to prevent the same the complaint in the action to foreclose is required to affirmatively aver that no other action has been brought to recover the same. The complaint in this action complies with such requirement. Its statement is "that no other action has been had for the recovery of the said sum secured by the said bond and mortgage." The Code provision is that it "must state whether any action has been brought to recover any part of the mortgage debt." The averment of the complaint substantially covers the matter which the Code requires. It is not necessary that it be alleged in the express language of the statute. It is sufficient if it states the facts from which it appears that

compliance has been had with the Code provisions. It is evident, therefore, in view of the averments of the complaint, as well as the provisions of section 1628 of the Code, that the defendant was required to show affirmatively that the former action was pending without authority of law; and, in order so to show it, she was required to plead that the action which she sought to establish as a bar was brought without the consent of the court. Her pleading therefore fails in this respect.

It seems to be well settled that, where the whole amount secured to be paid by a mortgage is due and payable, a tender of payment of the full amount due constitutes a good defense to an action for the enforcement of the mortgage, without the tender being kept good, and a plea of tender in such an action will be sustained, although it is not averred that the tender has been kept good, and there is no offer to pay the money into court. Tuthill v. Morris, 81 N. Y. 94; Nelson v. Loder, 132 N. Y. 288, 30 N. E. 369. The ground upon which this doctrine proceeds is that the tender discharges the lien of the mortgage, and therefore an action will not lie to enforce the same under those conditions; but where the mortgagor seeks in an action to obtain affirmative relief, as where he asks that the mortgage be canceled and discharged of record, equity will not grant the relief asked, as the tender only relieves the land from the lien of the mortgage so far as to prevent its enforcement against the land. The mortgagor still owes the debt, and is in equity bound to pay the same; and, while the legal right to enforce it against the land is gone, yet equity will not interpose and adjudge that the security be either surrendered or extinguished, without the mortgagor pays the amount equitably due thereon; and, if he demands this relief, before equity will grant it he is required to pay the amount of the mortgage, or bring the money into court and surrender it. Tuthill v. Morris, supra; Werner v. Tuch, 127 N. Y. 217, 27 N. E. 845, 24 Am. St. Rep. 443.

If, therefore, the whole amount of this mortgage was due and payable, the plea of tender is good, to prevent its enforcement by foreclosure, even though the tender was not kept good, and there was no offer to pay the money into court. So treated, the answer constitutes a good plea. This, however, is not the exact question presented upon the present issues. The principal of the mortgage in this case was not due and payable, by the terms of the mortgage, except at the option of the mortgagee upon failure to pay the interest. It was averred in the complaint that interest upon the bond and mortgage was required by the terms of those instruments to be payable semiannually, and that it was the express agreement, contained in the mortgage, that the whole of the said principal sum should become due at the option of the mortgagee after default in the payment of interest for 30 days; that interest on the bond and mortgage became due and payable on the 6th days of April and October, 1901; that it had not been paid; that more than 30 days have elapsed since the same became due and payable; and that the plaintiff has elected and now elects to deem the whole principal sum to be immediately due and payable. The action of foreclosure was commenced on or about the 18th day of November, 1901. The averment

in the answer is that before the commencement of the action the defendant duly tendered to the plaintiff the full amount of interest due him, in cash, personally, and that said plaintiff deliberately and willfully refused to accept the same, and, further, that the defendant made a tender within the time prescribed for the payment of the interest, and has ever since been ready and willing to pay the same. The effect of this answer is to aver that the defendant tendered to the plaintiff the amount that became due for interest within the 30 days from the respective days when the same fell due, and, if this be true, then it is clear that the defendant was not in default, and consequently there would be no basis authorizing the plaintiff to act upon the option contained in the mortgage, and declare the whole sum to be due. In effect, the failure to pay interest worked a forfeiture of defendant's right to the extended period of time for the payment of the money, as expressed in the mortgage, and under such circumstances a plea of tender would be good, as its effect would be to prevent an exercise of the election or option by the mortgagee to treat the whole sum as due and payable. The plea in this case clearly raises such question, and brings it within the principle of the cases to which we have called attention, and is sufficient to prevent a forfeiture of the defendants' rights secured by the mortgage. As to the plea of tender contained in the fifth clause, a different question arises.

It follows from these views that the interlocutory judgment should be affirmed as to the fourth clause of the answer, and reversed as to the plea of tender contained in the fifth clause, with leave to the defendant to answer over within 20 days, upon payment of costs in the court below. No costs of this appeal allowed to either party. All concur.