(55 Misc. Rep. 443)

WEIL et al. v. LIPPMAN.

(Supreme Court, Special Term, New York County. July 10, 1907.)

TENDER—SUFFICIENCY.

Where, upon the refusal of a tender of the whole amount claimed to be due on a mortgage, an action was brought to cancel the mortgage, but the amount tendered was not brought into court until more than three weeks after the trial, the tender was ineffectual.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, §§ 76–95.]

Action by William Weil and others against Jacob Lippman to procure the cancellation of a mortgage. Dismissed.

Lavelle & Gordon, for plaintiffs.
Jacob Friedman, for defendant.

GIEGERICH, J. The plaintiffs, before suit, tendered to the defendant the sum of $4,500, the whole amount claimed to be due on the mortgage after deducting a certain discount therein provided for, and offered to pay the usual fees for the execution of a satisfaction piece of said mortgage; but the defendant refused to accept the amount tendered on the ground that only the original mortgagor, and not the plaintiffs, who are subsequent owners, were entitled to such discount.

It is unnecessary to express any opinion now as to whether or or not the sum tendered was sufficient. The tender was ineffectual in any event, because the amount offered was not paid into court until more than three weeks after the trial. The order permitting it to be paid expressly provides that it should be "without prejudice to any of the defendant's rights and without in any manner attempting to

adjudicate upon the question of the sufficiency of the tender." Since the plaintiffs sue in equity for affirmative relief—i. e., to procure the cancellation of a mortgage upon real property—they were bound to keep the tender good by bringing the money into court at the time of the commencement of the action and allege that fact in the complaint. Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482; Foster v. Mayer, 70 Hun, 265, 24 N. Y. Supp. 46; McNeil v. Sun & Evening Sun Bldg. Ass'n, 75 App. Div. 290, 78 N. Y. Supp. 90. There is no pretense that the plaintiffs did this. The complaint alleges:

"That the plaintiffs now bring the said sum of $4,500 into court, to be paid to the defendant when he shall have executed a satisfaction piece of and when he shall have delivered the said mortgage to the plaintiffs for the purpose of discharging and satisfying the same of record."

But, as above shown, no money was paid into court until after the trial. The complaint must therefore be dismissed, with costs. McNeil v. Sun & Evening Sun Bldg. Ass'n, supra.

Submit findings of fact and conclusions of law in harmony with these views on two days' notice of settlement.