SOPHIE HOFFMAN, Plaintiff, v. CATHERINA PICCONE and Others, Defendants.

City Court of New York, Kings County, May 22, 1930.

*Benjamin L. Lasky,* for the plaintiff.

*Wilmot L. Morehouse,* for the defendants.

RUSSELL, J. This is a motion under rule 113 of the Rules of Civil Practice for summary judgment. The action was brought upon a bond by the holder of a third mortgage. The action is against defendants, the original mortgagors, who sold the property covered by the mortgage subject to the bond sued upon. There was no assumption by the purchaser from defendants of said third bond and mortgage. Thereafter the second mortgage covering these premises was foreclosed and all of the rights in said property secured by the mortgage which accompanied the bond sued upon were foreclosed and wiped out. The action upon the bond followed. The defendants in their answer admit the execution and delivery of the bond and admit the other material allegations of the complaint, and interpose as a separate defense the failure on the part of the plaintiff mortgagee to collect installments of principal upon said bond and mortgage when said installments become due, and also claim that, because of the neglect on the part of the plaintiff to exercise her option (to call in the mortgage), and that by allowing a number of installments to become due they were released from any and all obligations under said bond.

It is true that where a grantee has not assumed, but has merely taken subject to the mortgage, an extension of the time of payment operates to discharge the mortgagor to the extent of the value of the

land. (*Murray* v. *Marshall*, 94 N. Y. 611.) The Appellate Division in this department, in *Adler* v. *Berkowitz* (229 App. Div. 722), held that the mortgagor whose grantee took subject to the mortgage, without assuming the indebtedness, was released to the extent of the value of the land when the mortgagee accepted an installment of principal and interest more than twenty days after it was due. The mortgage in that case gave *no option* to the holder thereof with respect to the payments of installments of principal, but, instead, provided that " the whole of the principal sum shall become due after a default in the payment of any installment of principal for twenty days or after default in the payment of any installment of interest for twenty days." In that case when the installment was past due the whole of the unpaid balance of the bond immediately became due and an acceptance by the holder of the bond and mortgage of an installment thereafter varied the terms of the bond, and consequently, as respects the mortgagor, acted as an extension of time and released the mortgagor to the extent of the value of the land. (*Murray* v. *Marshall, supra.*)

In the case at bar the mortgagee had the *option* of accelerating payment of the bond upon default for more than thirty days in the payment of an installment. Up to the time plaintiff exercised her option the grantee could have paid the unpaid installments and the payment of same would destroy the option, and no default could be declared until a default in the payment of a subsequent installment. (*Schieck* v. *Donohue*, 77 App. Div. 321.) Until this option is exercised the principal sum does not become due, and hence the acceptance of unpaid installments prior to the exercise of the option does not constitute an extension of time and does not in any way deprive the mortgagor of any of his rights. A payment under those circumstances after the whole amount became due would constitute " a reïnstatement of the mortgage and a modification of its terms and an extension of time by the mortgagee," and, if given without the consent of the mortgagor, would release the mortgagor to the extent of the land. (*Adler* v. *Berkowitz, supra.*)

It follows, therefore, that mere delay on the part of the holder of a mortgage to exercise his option to accelerate the payments and foreclose the non-payment of an installment after the period of grace would not discharge the original mortgagor from his liability upon the bond. In *Lichtstern* v. *Forehand* (181 Wis. 216; 194 N. W. 421), a Wisconsin case, the court held that, though grantee had assumed the mortgage, the delay of the mortgagee to bring foreclosure proceedings even after request of the mortgagor, where the mortgagee had the option to declare the whole amount due upon failure to pay an installment, did not release the mortgagor even to the extent

of the injury suffered by the delay. Plaintiff in this action having had the option to declare the full amount due upon default in the payment of an installment after thirty days was under no obligation to accelerate the payments of the mortgage, and, not having done so, the mortgage debt did not become due. It does not appear from the papers that plaintiff declared the whole amount due, nor that any payments were received by her thereafter.

The defense being insufficient in law, this motion is granted, with ten dollars costs. Settle order on notice.