THOMAS NELSON, RESPONDENT, v. SARAH E. LODER, APPELLANT, AND OTHERS.

*Tender by a junior mortgagee to the holder of a prior lien with a demand for its assignment — the tender must be kept good.*

Pending an action to foreclose a first mortgage, a junior mortgagee tendered an amount sufficient to cover the mortgage debt and costs, and demanded an assignment of said mortgage. After the tender, he mingled the money so tendered with other money belonging to him and used it as his own.
*Held*, that the first mortgage continued to draw interest.

APPEAL by the defendant Sarah E. Loder from a judgment, entered, after a trial at a Special Term held in Westchester county, in the office of the clerk of the county of Westchester on April 9, 1889, whereby it was adjudged that the plaintiff have judgment against said Sarah E. Loder; that he, said plaintiff, be subrogated to the rights of the said Sarah E. Loder in and to the bond and mortgage held by her as assignee, and particularly mentioned in the complaint and decision in this case, upon the payment by the said plaintiff of the sum of $4,050. That said Sarah E. Loder be required, within thirty days after the service of a copy of the judgment, and upon being furnished with a proper instrument for the purpose, to execute and deliver to the plaintiff an assignment of the bond and mortgage given by Josiah G. Clark and wife to the Manhattan Life Insurance Company on the 3d day of April, 1876, and now held by her as assignee thereof under the assignment made to her by Charles F. Brown, and dated the 3d day of June, 1879, upon being paid by said

plaintiff the sum of $4,050, and also that she or her attorney give to the plaintiff a consent for the substitution of the said plaintiff as plaintiff and attorney in proper person in the action of foreclosure brought by her, and referred to in the complaint. That the plaintiff recover of said Sarah E. Loder his costs and disbursements in the action.

The court found that a tender was made to the said Sarah E. Loder in redemption of the mortgage which she held, and which was a prior lien upon the premises to the one held by the plaintiff, and that the plaintiff has since been ready and willing to pay Sarah E. Loder the amount due on the mortgage, with interest and costs; but further found that, after the tender was so made, the plaintiff deposited the money to his own credit in the bank in which he transacted his banking business, and in which, from time to time, he made deposits, gave checks thereon, and mingled the same with his other funds, and that he never kept the same separate and distinct from his other moneys.

*A. S. & W. F. Cassedy*, for the appellant.

*M. V. B. Travis*, for the respondent.

BARNARD, P. J.:

The tender made in this case was not one which was intended to discharge the lien and leave outstanding the debt secured by the lien security. It is not a case, therefore, which falls within *Kortright* v. *Cady* (21 N. Y., 343), or *Tuthill* v. *Morris* (81 id., 94), or *Cass* v. *Higenbotam* (100 id., 248). The facts in this case are that the plaintiff held a second mortgage on said estate, and the tender was made after foreclosure was instituted upon the first mortgage, and while the foreclosure action was proceeding to judgment, and was accompanied by a demand for an assignment of the security. The costs had not been adjusted, but an amount was tendered sufficient to cover the mortgage debt and costs. The plaintiff, after the tender, mingled the money so tendered with his own other money. He deposited it in his bank account and it was used by him as his own. The question is whether the tender stopped the interest. We think it did not. The plaintiff had the use of his own money after the tender, and, legally, is chargeable with the interest upon it. He comes into a court of equity to compel the defendant Loder to assign the

mortgage which he seeks to hold for all the interest due upon it, while he has received the interest on the tender since it was made. The Court of Appeals, in *Tuthill* v. *Morris* (81 N. Y., 94), held that when a party affirmatively asked to extinguish a lien by reason of a tender, the tender must be kept good. As between debtor and creditor, when, upon payment, the debtor is entitled to the possession of his property, a tender need not be kept good. (*Cass* v. *Higenbotam*, 100 N. Y., 248.) In the present case there was, as has been stated, no wish to discharge the lien, and no injury has resulted to the plaintiff by reason of the tender. He had his money in use after the tender for his own benefit. The costs of the foreclosure were not adjusted, and are not yet, and a tender without the means of determining the amount due which should destroy a lien, "would be in the highest degree unreasonable." (*Tuthill* v. *Morris, supra.*)

The judgment should be modified by giving the relief asked for, but with the interest due to the date of the assignment, without costs of this action, and without costs of this appeal to either party.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment modified. Judgment to be settled by Justice BARNARD.