THOMAS NELSON, Appellant, *v.* SARAH E. LODER, Respondent.

Where the whole amount secured by a mortgage on real estate is due, a
    tender of the same by the owner of the mortgaged premises extinguishes
    the lien of the mortgage, although the tender is not kept good; but it
    does not discharge the promise or covenant to pay the debt, and for this
    the debtor remains liable.

If the debtor wishes to extinguish his liability for subsequently accruing
    interest, or to demand some affirmative relief, he cannot retain the money,
    subject to his own use, but must devote it to the specific purpose of
    paying the debt, and put it within the power of the creditor to receive
    it at any time; and so, must keep the tender good.

The right of a subsequent lienor to redeem from a mortgage is derived from
    the owner of the mortgaged premises, and he is in this respect in no
    better position than the owner; if, therefore, he wishes to stop interest
    or compel an assignment of the prior lien, any tender he may make must
    be as absolute and specific as one made by the owner with like intent.

B. purchased certain premises, subject to a mortgage thereon. After the
    commencement of an action of foreclosure by the defendant here, who
    owned the mortgage, B. executed to plaintiff a mortgage on the prem-
    ises, who exhibited the same to defendant, tendered to her an amount
    sufficient to pay the sum due on her mortgage, with costs then accrued
    of the foreclosure suit, and demanded an assignment of her mortgage
    and the accompanying bond, which she refused. The tender was not
    kept good, but the money was deposited by plaintiff in his general bank
    account. In an action to compel an acceptance of the tender and an
    assignment by defendant of her securities, *held,* that plaintiff was entitled
    to the assignment, on payment to defendant of the amount due on her
    bond and mortgage with interest up to the time of payment and fore-
    closure costs.

Reported below, 55 Hun, 173.

(Argued March 11, 1892; decided March 25, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made December 9, 1889, which modified, and affirmed as
modified, a judgment in favor of plaintiff entered upon a
decision of the court on trial at Special Term.

This was an action to compel the assignment of a bond and
mortgage and to restrain defendant from prosecuting an action
to foreclose the same.

April 3, 1876, Josiah G. Clark, being indebted to the Manhattan Life Insurance Company in the sum of $18,000, executed and delivered a bond to said corporation whereby he bound himself to pay said sum with interest one year after date, and he and Esther, his wife, on the same day executed and delivered to said corporation a mortgage on the land described in the complaint (which the mortgagor then owned in fee) to secure the payment of said sum. The mortgage was duly recorded April 5, 1876. On the 27th of April, 1878, said Josiah G. Clark and Esther, his wife, conveyed the premises to Ada E. Briggs, subject to the amount then unpaid on the bond and mortgage, and she entered into possession of the land, and ever since has remained in possession thereof. September 18, 1878, said mortgagee sold and assigned the bond and mortgage to Charles F. Brown, who, June 3, 1879, sold and assigned them to Sarah E. Loder, the defendant herein. Both assignments were duly recorded prior to September 25, 1880, on which day said Sarah E. Loder began an action to foreclose the bond and mortgage, making Ada E. Briggs a party defendant. When the foreclosure action was begun there was due and unpaid on the bond and mortgage $3,808.11, with interest from July 1, 1880. On the 18th of October, 1880, said Ada E. Briggs executed and delivered to Thomas Nelson, the plaintiff in this action, a mortgage on said premises to secure the payment of $500 with interest, April 1, 1881, which mortgage was recorded June 12, 1888. On the 18th of October, 1880, Thomas Nelson called on Sarah E. Loder, exhibited to her his mortgage, and tendered to her a sum sufficient to pay the amount due on her mortgage, with costs of the foreclosure then accrued, and demanded that she assign her bond and mortgage to him, which she refused to do. The tender was not kept good, but the money was deposited by the plaintiff in his general account in a bank. October 23, 1880, this action was begun to compel the defendant to accept the amount due on her bond and mortgage with the accrued costs of foreclosure, and to assign the securities to the plaintiff, and to restrain her from prosecuting her action to foreclose them.

A temporary injunction was issued. The defendant answered that she had judgments which were liens on the premises subsequent to her and prior to the plaintiff's mortgage, and that she was willing to accept payment of the amount due on her mortgage and cancel the same, and averred that she had offered so to do before this action was begun. The action was brought to trial December 8, 1888, before a Special Term, which held that the plaintiff was entitled to an assignment of the bond and mortgage on the payment by him of the amount due for principal, interest and costs accrued on the 18th of October, 1880, the date of the tender, for which relief a judgment was entered with $284.98 costs to the plaintiff.

On appeal to the General Term the judgment was modified so that it provided that the plaintiff, upon the payment of $3,808.11, with interest thereon from July 1, 1880, up to the time of payment, together with the costs which had accrued in the foreclosure action, should be entitled to an assignment of the bond and mortgage. That part of the judgment awarding costs to the plaintiff by the Special Term was reversed, and no costs were allowed to either party in the General Term. From that judgment the plaintiff appealed to this court.

*Thomas Nelson* for appellant. The judgment of the General Term is founded on the theory that the plaintiff's tender was not kept good — in effect, that the money was not paid into court. A sufficient answer to this is that no objection was taken in the answer nor at the trial for any failure on this score. (*Halpin* v. *P. Ins. Co.*, 118 N. Y. 166; *Sheridan* v. *Smith*, 2 Hill, 538; *Roosevelt* v. *N. Y. & H. R. Co.*, 45 Barb. 558; *Plattner* v. *Lehman*, 26 Hun, 374.) This is not a case where it was necessary for the plaintiff to pay into court the amount offered to the defendant Loder. (*Flack* v. *Brown*, 13 Wend. 390–394; *Hoffman* v. *Steenan*, 4 N. Y. S. R. 629; *Roosevelt* v. *N. Y. & H. R. Co.*, 45 Barb. 554; *Thurston* v. *Marsh*, 14 How. Pr. 572; *Bartow* v. *Cleveland*, 16 id. 364; *Pratt* v. *Ramsdell*, 16 id. 60; *Wood* v. *Raber*, 20 J. & S. 479.) It is a well settled principle in equity that junior

incumbrancers are entitled to redeem a prior mortgage, and be substituted to the rights and interests of the prior mortgagee. (2 Story's Eq. Juris. § 1023; *Clark* v. *Mackin,* 95 N. Y. 351.) The proper and usual remedy is by action. (*Douglass* v. *Wadsworth,* 51 Barb. 79; *Twombly* v. *Cassidy,* 82 N. Y. 156.) It is no objection to the maintenance of this action by the plaintiff that his mortgage covered only a portion of the premises covered by the mortgage of the defendant Loder. (*Averill* v. *Taylor,* 8 N. Y. 44; *Bogert* v. *Coburn,* 27 Barb. 230.) It is not material to the case to inquire into the consideration of the mortgage given to the plaintiff. (*Coles* v. *Malcolm,* 66 N. Y. 367.)

*A. S. Cassedy* for respondent. The tender made on the 18th day of October, 1880, was not kept good, and the defendant Loder is, therefore, entitled to recover interest upon the bond and mortgage from July 1, 1880, until the payment shall be made, and the assignment be taken. (*Tuthill* v. *Morris,* 81 N. Y. 94; *Brennick* v. *Wesilman,* 100 id. 609; *Halpin* v. *P. Ins. Co.,* 118 id. 165; *Werner* v. *Tuch,* 127 id. 217; *Day* v. *Strong,* 29 Hun, 505; *Johnson* v. *Zink,* 51 N. Y. 335; *Harris* v. *Jex,* 55 id. 425.) This is an equitable action and, on the facts, the court has the right to compel the payment of the whole interest. (*Werner* v. *Tuch,* 127 N. Y. 217; *Roosevelt* v. *B. H. Bank,* 45 Barb. 579; Jones on Mort. § 899.) The tender was bad in form, as the plaintiff demanded an assignment of the bond and mortgage. (*Noyes* v. *Wycoff,* 114 N. Y. 204, 207; *Twombly* v. *Cassidy,* 82 id. 155.) It cannot be said that we have waived the payment into court. (*Becker* v. *Boon,* 61 N. Y. 317.)

FOLLETT, Ch. J. Whether the defendant is entitled to interest on the debt secured by her bond and mortgage to the date when she shall be paid by the plaintiff, or only to October 18, 1880, the date of the tender, is the only question involved in this appeal. In case the whole amount secured by a mortgage is due, the tender of the sum unpaid by the owner of the

mortgaged premises extinguishes the lien of the mortgage, though the tender is not kept good, but it does not discharge the promise or covenant to pay the debt for which the debtor remains liable. (*Kortright* v. *Cady*, 21 N. Y. 343; *Werner* v. *Tuch*, 127 id. 217; *Mitchell* v. *Roberts*, 17 Fed. Rep. 776; 783; *Haynes* v. *Thom*, 28 N. H. 386, 400; Chitty on Contracts [12th ed.], 787; Jones Mort. § 886.)

If a debtor wishes to extinguish his liability for subsequently accruing interest, or demands some affirmative relief, he cannot retain the money, subject to his own use, but must devote it to the specific purpose of paying the debt, and put it within the power of the creditor to receive it at any time. He must keep his tender good. (*Tuthill* v. *Morris*, 81 N. Y. 94, 100; *Harris* v. *Jex*, 55 id. 421, 425; *Gyles* v. *Hall*, 2 P. Wms. 378; *Bishop* v. *Church*, 2 Ves., Sr. 371; *Garforth* v. *Bradley*, 2 id. 675; *Stow* v. *Russell*, 36 Ill. 18; Jones on Mort. § 892; Thomas on Mort. § 399; Coote on Mort. [4th ed.] 885.)

A subsequent lienor's right to redeem a prior security is derived from the owner of the mortgaged premises, and he is in this respect, in no better position than the owner, and his tender, if he wishes to stop interest or compel an assignment of the prior lien, must be as absolute and specific as that which the owner is required to make as a ground for affirmative relief or to stop the running of interest.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.