GEORGE S. RILEY, Respondent, *v.* RICHARD W. CHEESMAN, Appellant.

*Promissory note — deposit of principal and interest at maturity — recovery of interest from maturity, unless the deposit is kept good.*

To render a deposit, by the maker of a promissory note, at its maturity, of the amount of the note with interest to maturity, at the bank where the note is payable, followed by an offer to pay such amount shortly before the commencement of an action on the note, and by a payment of the same amount into court, effectual to bar a recovery of interest upon the note from maturity and costs, such deposit in the bank must have been continued and kept good until the payment into court.

APPEAL by the defendant, Richard W. Cheesman, from a judgment of the County Court of Monroe County in favor of the plaintiff, entered in the office of the clerk of that county on the 18th day of May, 1893, upon the decision of the court rendered after a trial by the court without a jury.

*John J. Snell,* for the appellant.

*John E. Durand,* for the respondent.

BRADLEY, J. :

The purpose of the action was to recover the amount due on the promissory note of the defendant dated March 31, 1886, whereby he promised to pay to the order of William R. Renshaw $100 fifteen months after its date, with interest, at the Bank of Monroe, in Rochester, N. Y. On the day the note became due and payable the defendant took to the bank $107.55, the requisite amount to pay it, and made a special deposit of it there to pay the note. It was not presented there for payment, and afterwards, in August, 1887, the money was transferred from such special account to the general credit of defendant in the bank, of which he was then advised. The note was not presented to the bank for payment until in March, 1892, shortly before the commencement of this action. It was not paid by the bank for the reason as then stated that the note was long past due, and that in such case the bank did not pay without order from the maker. The plaintiff, who was the owner and holder of the note, called upon the defendant for payment, and was advised by him that he was ready to pay the principal sum and

FIFTH DEPARTMENT, JANUARY TERM, 1894.    [Vol. 75.

interest to the time the note became due, and offered to do so. This the plaintiff declined to accept in satisfaction of the note. The fact that the note was payable at the bank enabled the maker on the day it became due to be ready there to pay it, and on failure of the holder then to present the note to deposit the money there, and thus relieve himself from the interest upon it and from costs if suit should be brought upon the note. The bank in such case would not become the agent of the holder of the note, nor would the deposit be deemed payment of it, but it would be treated as a tender of performance of his promise to pay; and to make, it effectual for such relief, continued readiness on his part, and finally bringing the money into court, were essential. (*Caldwell* v. *Cassidy*, 8 Cow. 271; *Hills* v. *Place*, 48 N. Y. 520; *Locklin* v. *Moore*, 57 id. 360; *Adams* v. *H. I. Commission*, 15 Vroom, 638; 43 Am. Rep. 406.)

The contention on the part of the defendant is, that having been at the bank ready to pay the note at the time it was due, and then left the money there for that purpose, it was sufficient, as he was ready to pay the amount of such tender at the time the note was afterwards presented to him, and brought such amount of money into court. Such is the proposition presented here. It is not deemed essential for his purpose that the money should have remained in special deposit to pay the note, but that the continuance of his balance in his general account in the bank adequate to the payment of it would have been sufficient in view of the fact that the note when presented could have been paid by the bank and charged to him, the same as if his check had been presented. (*Indig* v. *National City Bank*, 80 N. Y. 100, 106.) The plaintiff had before this declined to take anything less than the principal and interest up to the time of payment. And as the defendant had refused to pay such amount, the bank would not have properly represented the defendant if it had paid anything more than the amount due upon the note at its maturity. There are expressions in some of the opinions of the courts which might lead one to suppose that it is only necessary to make the tender or deposit at the proper time of the requisite amount, and when action is brought to plead the readiness at the time and place of payment and bring such an amount of money into court. But an important element in the tender or deposit is that it be continued, or, in other words, kept

good until the money is paid into court to support the defense against the claim for further interest and costs in an action brought upon a note or other obligation to pay. (*Roosevelt* v. *Bull's Head Bank*, 45 Barb. 579; *Tuthill* v. *Morris*, 81 N. Y. 94, 99, 100; *Halpin* v. *Phœnix Ins. Co.*, 118 id. 166; *Nelson* v. *Loder*, 55 Hun, 173; 132 N. Y. 288.) This the defendant failed to prove. And it appears that intermediate the time the deposit was so made and the presentation of the note to him for payment, he had drawn from and deposited in the bank moneys, and that from time to time during that period his balances there were reduced to amounts considerably less than that which he deposited on the day the note became due. His deposit for the payment of the note was, therefore, not kept good, and in consequence became ineffectual as a tender, and in that view his readiness and offer to pay the plaintiff the amount so deposited in satisfaction of the note shortly before the action was commenced and the payment of such amount into court do not bar the recovery of interest after the maturity of the note.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment of the County Court of Monroe county affirmed, with costs.