McAdam, J.
If the action had been on the check against Woodruff, the drawer, he would have had no defense, the bank on which it was drawn not having failed, and he having suffered no injury by the delay. But the action is against the indorser, and as to him a different rule prevails, for if a check given as this one was is not timely presented by the (Creditor for payment, the indorser is discharged. Daniel Neg. Inst. § 452; Smith v. Miller, 43 N. Y. 171.
The court of appeals, when the present case was before it (see 128 N. Y. 22; 37 St. Rep. 868), said: “ The plaintiff, on accepting the check, assumed, as between himself and the defendant, an obligation to present the same to the bank for payment within the time prescribed by the law merchant, that is to say, not later than the next day after its date, and if refused to protest the same and give notice of its nonpayment. Smith v. Janes, 20 Wend. 192. It was not presented until the 31st of August, nine days after it was received by the plaintiff. The defendant was, by such delay, discharged from liability as indorser of the check, irrespective of any question of loss or injury. Presentment in due time, as fixed by the law merchant, was a condition upon performance of which the liability of the defendant as indorser depended, and this delay was not excused, although the drawer of the check had no funds or was insolvent, or because presentment would have been unavailing.” Mohawk Bank v. Broderick, *674 10 Wend, 304; Gough v. Staats, 13 id. 547 ; see, also, Morse Banking (3d ed.), § 234a.
Though the action here is not upon the indorsement of the defendant, but upon the original indebtedness, the result is the same, for whenever it is incumbent on the holder to present the bill or check for acceptance or payment, if he fails to do so at the proper time, he loses not only his remedy on the bill or check, but also the consideration or debt in respect of which it was given or transferred. Daniel Neg. Inst. §§ 452, 1276; Smith v. Miller, 43 N. Y. 171; Adams v. Darby, 28 Mo. 162; Camidge v. Allenby, 6 B. & C. 373 ; Darrath v. Savage, 1 Show. 155.
The rule deducidle from the authorities is that taking from the debtor a note or check of a third person for a pre-existing debt is not payment, unless expressly agreed to be taken in payment, or unless such note or check be paid. In other words, the note is taken conditionally^ that if not paid it is not to prejudice the remedies on the original cause of action. The creditor receiving the note or check, however, may so act with it as to make it his own unconditionally—a course which necessarily implies the satisfaction of the debt. This result follows where the creditor fails to perform a duty in regard to protest; for in case a" plaintiff has lost by his own loches his legal recourse against the defendant upon the note or check, it is in vain that he' comes into court with the expectation "of being allowed to recover on the original consideration." As well might he hope by such means to revive a cause of action that had been barred by the statute of limitation. Gracie v. Sandford, 9 Ark. 238.
The object of requiring prompt notice to indorsers is to afford them every opportunity to secure themselves, and if by the act or omission of the creditor a loss occurs, it should fall upon him who is the cause of the loss rather than" upon the innocent debtor. If the check had been promptly presented and timely notice of protest given to defendant as indorser, he might have collected the debt, for it was not ufitil August 31, 1887, the dáy the check was protested, that Woodruff, the drawer, stopped payment and became notoriously insolvent. The defendant was certainly entitled to make the effort to collect from Woodruff, but was by the loches of the plaintiff deprived of the privilege.
If the onus of proving that no damage resulted to defendant from the failure to protest the check in time was upon the plaintiff,' he has failed to establish that no injury resulted from such neglect. True, there is nothing in the case that would warrant a finding that the defendant would have collected the debt if the.check had been promptly protested; yet he might o have done so, and the evidence justifies the belief that, if pressed, Woodruff would have paid the check. Morse Banking (3d ed.), § 234a. Iii view of this fact it cannot be said' that the plaintiff lias affirmatively established absence of all injury by the defendant, and in this respect he has failed to make out his cause of action if this circumstance is to be regarded as a material part of it. Dor these reasons there' must be judgment for the defendant, with costs.