FRANK N. WRIGHT, Respondent, *v.* JOHN A. ROBINSON & Co. (INCORPORATED), Appellant.

*Tender by a creditor to his debtor — when a check is a sufficient tender — money must be paid into court — effect of a legal tender as to interest and costs.*

Where one person is indebted to another for two separate and distinct claims, it is the debtor's legal right to pay either of such claims separately, and the creditor has no right to reject an amount tendered in payment' of one of such claims because it is not the whole amount due to him from the debtor at the time upon both claims.

A check, if not objected to, is, for the purpose of a legal tender, the equivalent of money.

Where a tenant has been in the occupation of premises for about eighteen months and all his payments of rent, which were made monthly, have been made by check, and when, only seven days prior to his sending a check in payment of one month's rent, the owner of the premises had written to him requesting that he send a check for the rent then due, an offer of payment by check is equivalent to a tender of the amount in cash.

The owner has the right at any time to put a stop to such method of payment, but if payments by check have been the customary and accepted way of dealing between the parties, the owner, having invited payment in that manner only a brief time before, if he desires to stop payments in that way, should notify the tenant that that manner of payment will no longer be accepted, and give him an opportunity to make a strict legal tender.

Where a tender is made by check, if the amount thereof is paid into court, and the answer alleges that fact, it is not necessary to bring the check into court in

order to keep the tender good; sections 731 and 732 of the Code of Civil Procedure only apply where a tender is made after the commencement of an action.

Interest can be allowed in any case, only where such allowance is authorized by some contract, express or implied, or by some statute or on account of the default of the party liable to pay when it is allowed as damages for such default.

Where the sending of a check is a sufficient legal tender it stops the running of interest from that time upon the amount thereof.

A legal tender is equivalent to payment as to all things which are incidental or consequential to the debt.

Where a legal tender is not accepted, the creditor, while not losing his right to the prior debt by his refusal of the tender, does lose all collateral benefits and securities, and if the tender is followed by payment into court, subsequent to the tender, interest and costs cannot be recovered by the creditor.

The effect of a tender is to stop interest and prevent costs, and to be effectual for such purpose it must be kept good by the debtor, and whenever he seeks to make it the basis of affirmative relief, it must be paid into court, and that fact must be alleged in the pleadings.

APPEAL by the defendant, John A. Robinson & Co. (Incorporated), from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 24th day of September, 1894, upon the report of a referee.

*Joseph C. Behan*, for the appellant.

*L. L. Boyce*, for the respondent.

HERRICK, J. :

This is an appeal from a judgment entered upon the report of a referee in favor of the plaintiff and against the defendant, for the sum of $177.05, damages and costs.

The facts are undisputed, and were stipulated before the referee. The plaintiff let and rented a store to the defendant for a term commencing August 15, 1892, and to terminate on the 31st day of March, 1895, at the yearly rental of $300, payable monthly.

On the 23d day of January, 1894, the plaintiff wrote to the defendant as follows : " I wish you would send me a check for my rent, as I am in need of it." Pursuant to such letter the defendant sent plaintiff its check, dated January 26, 1894, for seventy-five dollars for rent then past due. The plaintiff was put to the expense of fifty cents for the collection of such check. The defendant received no notice of the expense of such collection.

On the 1st day of February, 1894, the sum of twelve dollars and fifty cents became due and payable on account of rent of said store.

On the 30th day of January, 1894, the defendant sent to plaintiff its check for the sum of twelve dollars and fifty cents ; accompanying such check was a letter, in substance stating that such check was sent in payment of the rent due February 1, 1894.

On the 31st day of January, 1894, plaintiff returned said check to the defendant, with a letter reading as follows :

"NORTHVILLE, N. Y., *Jan.* 31*st*, 1894.

" JOHN A. ROBINSON & Co.:

" GENTLEMEN.— I herewith return your check for $12.50, as I cannot accept it as payment for anything.

" Yours, &c.,

" F. N. WRIGHT."

The letter and check were received by the defendant February 1, 1894.

All the payments of rent during the term of said lease were made by the defendant's checks, which were accepted by plaintiff, and duly paid, except the installment of twelve dollars and fifty cents before set forth.   At the time the check for twelve dollars and fifty cents was drawn and sent by the defendant to plaintiff, there was and ever since have been funds on deposit to the credit of the defendant in the bank upon which such check was drawn, more than sufficient to meet the same had it been presented, and it is conceded that the check would have been paid if presented in the usual course of business.

At the time of the rental of said store by plaintiff to defendant, an agreement was entered into whereby the plaintiff agreed to heat the said store for the defendant, for the sum of forty-five dollars per year, which sum the defendant agreed to pay on the first day of January of each year.

On the 2d day of February, 1894, this action was commenced by the service of a summons and notice upon defendant.

It does not appear when the complaint was served.   The complaint sets forth two causes of action ; one for twelve dollars and fifty cents, being for the installment of rent due February 1, 1894, and the other for forty-five dollars, being the amount due January 1, 1894, for heating the store, pursuant to the agreement above stated.

On the 9th day of April, 1894, the defendant served its answer

to plaintiff's complaint.   In such answer the defendant admitted the
indebtedness of the forty-five dollars.   As to the cause of action
for the twelve dollars and fifty cents for rent, the defendant alleged
that on or about the 31st day of January, 1894, it tendered and deliv-
ered to the plaintiff a check for the sum of twelve dollars and fifty
cents in payment thereof, and that such tender " was in accordance
with the usual custom and practice long established between the
plaintiff and defendant, and at the request of said plaintiff; that
at that time, and ever since, there have been funds on deposit to
the credit of said defendant at the bank upon which said check was
drawn, more than sufficient to meet the payment of said check."

The answer further alleges that the defendant has ever since
been, and still is, ready and willing to pay the plaintiff said amount,
" and that said sum of twelve and 50-100 dollars has been actually
delivered and paid over to the Clerk of this Court for the use and
benefit of said plaintiff, whenever said plaintiff shall elect to receive
the same, and that notice of the delivery and payment to said clerk
has been given to said plaintiff."

Upon the hearing, before the referee, it was stipulated between
the parties, "that on the 9th day of April, 1894, the defendant
deposited with the Clerk of this Court, to wit: the Clerk of the
County of Fulton, the sum of $12.50, in cash, for the use and bene-
fit of plaintiff, and that notice of such deposit was given to and
received by the plaintiff at the time the answer herein was served."

Upon these facts, the referee directed judgment for fifty-seven
dollars and fifty cents, with interest from the time the several
amounts became due, together with costs, in favor of the plaintiff
and against the defendant.

The legal question arising in the case is as to whether the defend-
ant's sending its check, for the amount due for rent, was a suffi-
cient tender, and, if so, whether such tender has been kept good.

No reason was given for the return of the check, as will be
observed by reading the letter heretofore set forth.

At that time the defendant was owing the plaintiff fifty-seven
dollars and fifty cents, consisting of two separate and distinct claims;
one of forty-five dollars, and one of twelve dollars and fifty cents.

It was the defendant's legal right to pay either of these separately,
and the plaintiff had no right to reject such payment because it was

not for the whole amount due him at that time from the defendant on both claims.

Its return cannot be sustained, therefore, on the ground that it was not for the full amount the defendant owed the plaintiff.

The defendant made it applicable to the rent due, as it had a legal right to do, and it was for the full amount of rent then due; so that it was a good tender, except that it was by check instead of in money.

A check may be a sufficient legal tender. "The check of the party not objected to was, for all the purposes of a legal tender, the equivalent of money." (*Mitchell* v. *V. C. M. Co.*, 67 N. Y. 280–282.) In that case another reason than that it was a check was given for declining it.

The defendant had been in occupation of these premises for about eighteen months, and all its payments of rent had been made by check. Only seven days before the sending of the check in question the plaintiff had written to it requesting it to send a check for the rent then due. Under such circumstances I think the offer of payment by check was the equivalent of a tender in cash. Of course the plaintiff had the right at any time to put a stop to that method of payment; but payments by check having been the customary and accepted way of dealing between the parties, and the plaintiff having invited payment in that manner so brief a time before, if he had desired to stop payments in that way he should have notified the defendant that that manner of payment would no longer be accepted, and have given an opportunity to make a strict legal tender; good faith required such a course on his part. I do not think that he should be permitted to take advantage of the defendant, after so long a course of dealing between them, by peremptorily stopping it without notice and mulcting the defendant with interest and costs. (*Gray* v. *Green*, 9 Hun, 334–338.)

The action was commenced so quickly after the return of the check, with his reason for refusal unexplained, that the defendant did not have a reasonable opportunity to make the required payment in money.

The defendant's practice to keep the tender good was proper; it was not necessary to bring the check into court when the amount in money was deposited.

In *Becker* v. *Boon* (61 N. Y. 317), where the defendants had tendered a check before the commencement of the action, the court said: " In order to make the tender effectual for any purpose it was the duty of the defendants to pay the money into court, and allege that fact in their answer." The tender is thus kept good.

Sections 731 and 732 of the Code of Civil Proceedure only apply where a tender is made after the commencement of an action, and do not affect any of the questions raised in this case.

The plaintiff insists that the tender, if made, was not kept good because the defendant did not include, in the amount deposited by it in court, interest upon the sum of twelve dollars and fifty cents from the time it was due, February first, until the time of such deposit in court.

If sending the check to the plaintiff was a sufficient tender, it stopped interest from that time forth.

" Before interest can be allowed, in any case, it must be by virtue of some contract, express or implied, or by virtue of some statute, or on account of the default of the party liable to pay, and then it is allowed as damages for the default." (*Matter of Trustees, etc.,* 137 N. Y. 95–98.)

In this case there was no default upon the part of the defendant. It tendered payment in the manner it had been invited and accustomed to pay, and it was, under the circumstances, a legal tender. A legal tender is equivalent to payment as to all things that are incidental or consequential to the debt. The creditor, while not losing his right to the prior debt by his refusal of the tender, does lose all collateral benefit and securities; and where the tender is followed by the payment into court, interest and costs cannot be recovered. (*Kortright* v. *Cady*, 21 N. Y. 343, 347, 366.)

If, on the trial, the defendant establishes the defense of tender, such tender bars the recovery of all interest subsequent to the tender. (*Kelly* v. *West*, 36 N. Y. Super. Ct. 304.)

In *Riley* v. *Cheesman* (75 Hun, 387) and *Nelson* v. *Loder* (132 N. Y. 288) it was held that for the purpose of barring interest, the tender must be kept good from the time of the tender made up to the time of depositing the money in court.

The case of *Riley* v. *Cheesman* was an action upon a note, and it was held that an amount sufficient must be kept on deposit to

meet the note upon its presentation to the bank; and in the other case, *Nelson* v. *Loder*, which was upon a mortgage, it was said that the money must be devoted "to the specific purpose of paying the debt," and put within the power of the creditor to receive it at any time.

In this case no question is raised as to the tender not being kept good in the time intermediate between the making of the tender by check and the deposit of the money in court, but it appears that during all that time there was money in the bank to defendant's credit sufficient to meet the amount of such check if it had been presented.

The effect of a tender is to stop interest and prevent costs, and to be effectual for such purpose must be kept good by the debtor, and whenever he seeks to make it the basis of affirmative relief, it must be paid into court, where the creditor can get it, and that fact must be alleged in the pleadings. (*Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165–178.)

Here the parties were living at a distance from each other (one in Northville and the other in Troy), and the suit was commenced the day after the rejection of the tender, and the defendant was not called upon to make or keep his tender good by an offer in cash, other than that made in his answer to the complaint, and his notice accompanying the same, when the time came for making his answer to such complaint.

The tender being kept good by the defendant keeping himself at all times able to make a cash payment by having the necessary funds in the bank, and by the deposit in court, the effect of it relates back to the time when it was originally made, and bars the recovery of interest from that time.

These conclusions lead to a reversal of the judgment. The facts being undisputed, judgment is, therefore, ordered for the defendant, with costs, together with the costs and disbursements of this appeal, from which amount should be deducted the sum of forty-five dollars, with interest thereon from January 1, 1894.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, and judgment rendered for the defendant with costs and disbursements of this appeal, less forty-five dollars, with interest from January 1, 1894.