EMMET M. FITCH, as Administrator, etc., Respondent, *v.* EDWARD M. McDOWELL et al., Appellants.

A mortgagor gave to the mortgagee a promissory note, which when paid it was agreed should operate as a payment on the bond secured by the mortgage. The mortgagee procured the note to be discounted by a bank, and thereafter assigned the securities. In an action to foreclose the mortgage it appeared that the note remained unpaid in the hands of the bank. *Held,* that the transfer of the note operated as a payment *pro tanto* so long as it remained in the hands of a third party and could not be produced and delivered up by the mortgagee; that the bank, however, took no interest in, or right to, the bond and mortgage; and so, was not entitled to have the amount of the note paid to it out of the proceeds of sale, in preference to the claim of the holder of the mortgage for the balance unpaid thereon; but that, the mortgagor having assented thereto, a judgment was proper directing payment of the note out of any surplus arising on the foreclosure sale.

Reported below, 80 Hun, 297.

(Argued March 19, 1895; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 14, 1894, which modified and affirmed as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action for the foreclosure of a mortgage executed by Edward W. McDowell to John H. Whiteside and Timothy Howe, as trustees, and by them assigned to Andrew Williams. In 1886 Williams assigned said mortgage to Jane Ellis, plaintiff's intestate, as collateral security to the extent of $5,000, which assignment remained in Williams' possession until June 20, 1888, during which period he received payments from McDowell, who believed Williams to be the absolute owner. It was then destroyed and an assignment executed, which transferred absolutely to said Ellis the bond and mortgage in payment of the debt to which the other assignment was collateral. This assignment was recorded October 5, 1888. On January 24, 1888, McDowell delivered to Williams, at his request, a negotiable promissory note for $1,765, payable in

two months, the amount when paid to apply on the bond and mortgage. This note Williams procured the Iron National Bank to discount before maturity. This note was not paid, and the bank recovered a judgment upon it against Williams and McDowell. The bank and McDowell were made defendants to the foreclosure suit. They both answered, the former claiming it was entitled to the proceeds of the sale and the benefit of the security to pay the amount due on its judgment on the note, and asked that the foreclosure proceed. McDowell claimed the same thing, but also asked that if it should be found that the bank was not entitled to that relief, then that the note and judgment, being an outstanding liability against him in the hands of a third party, the amount thereof should be credited to him as a payment. The trial court directed judgment in favor of plaintiff for the amount due on the mortgage. This judgment was modified by the General Term by allowing McDowell credit for the $1,765 note, and directing that plaintiff be paid out of the proceeds of sale the amount due less the allowance to McDowell upon said note, and that if there is any surplus, then that the same be applied in payment of the note.

*T. F. Conway* for appellants. The giving of the note by McDowell to apply on the bond and mortgage when paid, before the assignment to Ellis and its discount by defendant, the Iron National Bank, operated as an assignment of the bond and mortgage to the bank, whether the bank knew of the existence of the securities at the time or not. Therefore, the bank is entitled to be first paid from the proceeds of the mortgage sale, as said note and the judgment procured thereon remained unpaid and owned by it when this suit was commenced and at the time of trial. (Thomas on Mort. § 300; *Parmlee* v. *Dann*, 23 Barb. 461; *Nelson* v. *Bright*, 1 Johns. Cas. 205; *Evertson* v. *Booth*, 19 Johns. 491; *Barclay* v. *Blodgett*, 5 Cow. 202; *Longdon* v. *Buel*, 9 Wend. 80; *Betz* v. *Hubner*, 1 Penn. 280; *Merritt* v. *Bartholic*, 36 N. Y. 44; *Battle* v. *Coit*, 26 id. 406; *Hill* v. *Hoole*, 116 id. 302:

*Schaffer* v. *Riley*, 50 id. 61.) The Recording Act does not in any way aid the plaintiff. The record of an assignment of a mortgage does not prevent the mortgagor from making payments legally to the assignor until actual notice be given. (*Green* v. *Warwick*, 54 N. Y. 227; *Brewster* v. *Coons*, 103 id. 556; Thomas on Mort. § 316; *Gould* v. *Marsh*, 1 Hun, 556; *Carpenter* v. *Logan*, 16 Wall. 271; *Morris* v. *Bacon*, 123 Mass. 58.) Defendant McDowell is in any event entitled to credit on the mortgage to the amount of the $1,750 note, it and the judgment thereon being an outstanding obligation against him in favor of a third party. (*Battle* v. *Coit*, 26 N. Y. 406; 4 R. S. 2476, § 41; *Muler* v. *Scheneck*, 3 Hill, 328.)

*L. L. Shedden* for respondent. The bond and mortgage, or any part or interest therein, was never assigned to the Iron National Bank. (Thomas on Mort. § 392; *Hill* v. *Beebe*, 13 N. Y. 556–568; *Feldman* v. *Beier*, 78 id. 293; *J. I. Co.* v. *Walker*, 76 id. 521; *Tylee* v. *Yates*, 3 Barb. 222–228; *Gregory* v. *Thomas*, 20 Wend. 20; *Cole* v. *Sackett*, 1 Hill, 516; *Carroll* v. *Sweet*, 128 N. Y. 21.) The assignment to Jane Ellis was a conveyance under the Recording Act. She was a purchaser in good faith for value and thereby obtained a preference over the verbal unrecorded arrangement made between the bank and its president. (*Brown* v. *Leavit*, 31 N. Y. 113; *P. Ins. Co.* v. *Church*, 81 id. 218; *Pratt* v. *Coman*, 37 id. 440; *Mayer* v. *Herdelboch*, 123 id. 332.) At the time the note was discounted, the bank was not a *bona fide* purchaser of same, as it had knowledge of the prior assignment to Mrs. Ellis. (*Holden* v. *N. Y. & E. Bank*, 72 N. Y. 286; *Vil. of Port Jervis* v. *F. N. Bank*, 96 id. 550; *Carrie* v. *Hadley*, 99 id. 131; *F. Bank* v. *N. Y. & S. C. Co.*, 4 Paige Ch. 127; *L. S. Bank* v. *Senecal*, 13 La. 521, 527.)

PECKHAM, J. We think the General Term made a proper disposition of this case. The transfer of the note by Williams to the defendant bank operated as a payment *pro tanto* of the mortgage so long as the note remained in the hands of a

third party, and in such condition that the mortgagee could not produce and deliver it up on the trial of the foreclosure action. This principle is decided in *Battle* v. *Coit* (26 N. Y. 404). The bank upon taking the note took no interest in or right to the bond and mortgage. The mortgage was not given to secure the payment of the note, and a transfer of the note to the bank did not operate as an assignment *pro tanto* of the mortgage. The case is not within the principle that the assignee of a debt secured by a mortgage is entitled to the benefit of that security, although ignorant of its existence at the time of the assignment of such debt. The debt in this case which was secured by the mortgage was never assigned to the bank. There was an original debt due from McDowell, the mortgagor, which was thus secured, but the note which he subsequently gave to the mortgagee, and which when paid was to operate as a payment *pro tanto* upon the mortgage, was not the debt which was secured by that mortgage, but was a simple promise in writing to pay a certain sum of money which when paid was to operate as a payment on the mortgage. The disposition made by the General Term provides for a deduction from the full amount otherwise due on the mortgage of the amount of this note, because it is in the hands of the bank and the bank has a judgment upon it and the mortgagee is thus unable to surrender it, and, as between the maker of the note and the mortgagee, the note operates as a payment *pro tanto*. If there is any surplus after paying the amount due on the mortgage, less the amount of the note, that surplus is to be applied, under the decision of the General Term and with the consent of the mortgagor, to the payment of his note in judgment in the hands of the bank. This is all that the bank has any right to demand, and the judgment must, therefore, be affirmed, with costs.

All concur

Judgment affirmed.