CONRAD R. SCHMIDT et al., Respondents, v. JOSEPH A. HOFFMAN et al., Appellants.

(Supreme Court, Appellate Term, October, 1896.)

1. Bills and notes — Action upon the original debt.

Where attorneys accept an indorsed note as a conditional payment for their services, and fail to present it for payment at maturity at the place where it is made payable, although the money for its payment is at the place designated, they cannot subsequently bring an action for their services, upon its trial offer to surrender the note and recover of the maker of the note its face and costs.

2. Same — Tender.

Where the money requisite to the payment of a note is at the place of payment upon the proper day, the effect is to prevent the holder of the note from recovering interest or costs, and, if the tender is kept good, it is erroneous for the court to allow the holder to recover in a subsequent action brought upon the original debt.

APPEAL by defendants from judgment of the Fourth District Court.

George A. Baker, for appellants.

George Haas, for respondents.

McADAM, J. The action is by the plaintiffs to recover for professional services rendered for the defendants in examining a title to certain real estate. The bill was $128.12, on account of which the defendants paid $60, and for the balance remaining unpaid, $68.12, gave a note made by the defendant Joseph A. Hoffman, and indorsed by the defendant Emma Hoffman, dated May 5, 1896, and payable one month after date, at No. 39 Avenue A.

The plaintiffs accepted the note, and on the 10th of July, 1896, brought this action to recover the balance due on their bill. The note was never presented for payment, but a letter was written to the defendant Joseph A. Hoffman, calling his attention to the note.

Upon the trial, the plaintiffs claimed the right to surrender the note and recover the balance due upon their bill. The justice decided that they had this right, and rendered judgment in favor of the plaintiffs for the balance due, $68.12, with $3.06 interest, making $71.18, with costs.

The plaintiffs seek to sustain this ruling upon the familiar rule that a note does not operate as a discharge of a precedent debt in the absence of an express agreement to that effect, and that the only result is to extend the time of payment (Fitch v. McDowell, 80 Hun, 207; affirmed, 145 N. Y. 498); that the claim survived the taking of the note, as the original consideration remained; that the note was nothing but a writen promise to pay the indebtedness; that though the enforcement of the collection of the original claim was postponed, the plaintiffs after the maturity of the note had a right to surrender it and sue upon the original cause of action. Jagger Iron Co. v. Walker, 76 N. Y. 521.

The propositions advanced by the plaintiffs are undoubtedly correct, but do not reach the point involved here. Allowing that the plaintiffs, as they received no new consideration for taking the note, might have returned it to the defendants at any time before its dishonor, and brought action on the original consideration (Graham v. Negus, 55 Hun, 440; Cary v. White, 52 N. Y. 138; Halliday v. Hart, 30 id. 474; Parmelee v. Thompson, 45 id. 58; Atlantic N. Bank v. Franklin, 55 id. 235); they did not elect to pursue that course, but retained the note as an available negotiable security, and the defendants had a right to assume that it would be presented as such securities are, in due course. The plaintiffs having accepted the note, though not technically and unconditionally in payment, assumed the duty of presenting it at maturity. Phenix Ins. Co. v. Allen, 11 Mich. 501; Carroll v. Sweet, 128 N. Y. 19; S. C. on subsequent trial, 9 Misc. Rep. 382; Cow. Tr., § 470. The note, in this instance, was payable at a particular place, namely, 39 Avenue A, and the uncontradicted evidence shows that at its maturity the money was at that place sealed in an envelope, and set aside expressly for its payment when presented.

While presentment at the place named was not necessary to give a right of recovery it relieved the parties to the note from damages

if they were ready at the time and place named to pay it, and there was no one to receive payment. Such readiness is equivalent to a tender before suit brought, and an answer pleading that fact and payment of the money due into court will be a bar to the recovery of interest and costs but not to the cause of action. Hills v. Place, 48 N. Y. 520; Riley v. Cheesman, 75 Hun, 387.

Tender is an attempted performance frustrated by the act of the party to whom it is offered. Though it does not discharge the debt it will, if kept good, prevent the creditor from recovering interest or costs. In other words, "If the plea is sustained, the creditor gets nothing but what was originally tendered him, and the debtor gets judgment for his costs, so that he is placed, as nearly as can be, in as good a position as he held at the time of the tender." Clarke on Cont. (Hornbook ed.), 639, 640. Tender to be a valid performance to this extent must observe exactly any special terms which the contract may contain as to time, *place* and mode of payment. Id.

The rule is that " if the contract fixes the place, the tender must be made at that place, and the party to whom tender is to be made must attend there for the purpose of receiving the money." 25 Am. & Eng. Ency. of Law, 920; 7 Wait's Act. & Def. 582. " In cases of contract, a tender must be made at the place designated in the contract, and will not be valid if made at any other place." 2 Wait's Pr. 581. In Locklin v. Moore, 57 N. Y. 362, the court said: " The only benefit the defendant could get from the specification of payment at a particular place is, that if he was ready there to pay, and kept ready he could set that fact up in his answer and then pay the money into court and allege such payment in his answer, and, thus, shield himself from all liability for interest and costs."

The defendants upon being sued kept the tender good by paying into court not only the amount of the note, but all interest up to the time of suit brought; and relied upon the plea of tender above suggested to protect themselves from interest and costs; but under the erroneous ruling of the court below, it failed to effect this result.

The tender having been kept good by deposit in court, such payment completely discharged whatever cause of action the plaintiffs had, and as the money deposited became absolutely the money of the plaintiffs as soon as deposited the defendants were entitled to judgment in their favor. Dakin v. Dunning, 7 Hill, 30; Becker v. Boon, 61 N. Y. 317; Taylor v. Brooklyn El. R. R. Co., 119 id.

561; Cow. Tr., § 1152; Kelly v. West, 36 N. Y. Super. Ct. 304; Wright v. Robinson & Co., 84 Hun, 172; Parsons on Cont. (6th ed.) 638, 639.

The judgment must be reversed, and as a new trial would be of no possible avail to the plaintiffs there must be judgment absolute in favor of the defendants, with costs.

DALY, P. J., and BISCHOFF, J., concur.

Judgment reversed, and judgment absolute for defendants, with costs.