(28 Misc. Rep. 197.)

## FALLON v. FARBER.

(Supreme Court, Appellate Term. June 28, 1899.)

TENDER AFTER SUIT BROUGHT—EFFECT.

Under Code Civ. Proc. § 732, providing that tender shall not avail defendant unless the money is paid into court, and notice thereof served on plaintiff's attorney, where defendant alleged a rescission of the contract sued on, and a tender after suit brought, further adding that he now "brings the said sum" into court, plaintiff is entitled to judgment, though the evidence may have been sufficient to prove rescission of the contract, where the tender was neither accepted nor duly paid into court.

Appeal from municipal court, borough of Manhattan, First district.

Action by Stephen A. Fallon against Frederick M. Farber. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Black, Olcott, Gruber & Bonynge, for appellant.

Alexander & Colby, for respondent.

MacLEAN, J. The plaintiff brought this action for wages due for the months of February and March, 1899, under a contract of employment for the calendar year. The defendant alleged that the contract had been rescinded upon the plaintiff's voluntary resignation and abandonment on the 14th of March. The defendant also alleged a tender to the plaintiff on the 19th of April (which was after the commencement of this action) of the amount due him as wages up to and including the 14th day of March, together with interest and the costs and disbursements of the action; further adding that he "now brings

the said sum,   *   *   *   together with interest thereon, and the costs and disbursements of this action to date, into this court, ready to be paid to the plaintiff if he will accept the same." As the learned justice rendered judgment for the defendant, it may be assumed that he considered the evidence sufficient to prove rescission of the contract. Even if he so found, he should have rendered judgment for the plaintiff to the amount of the indebtedness admitted by the allegation of the tender; for, as the tender was neither accepted nor duly paid into court, it could not avail the defendant. Section 732, Code Civ. Proc. The judgment should be reversed, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.