FALLON v. FARBER.

(Supreme Court, Appellate Term. February 23, 1900.)

1. MASTER AND SERVANT—RESCISSION OF CONTRACT—ACTION FOR BREACH.
    Where an employer rescinds a contract of employment, the employé's remedy is an action for damages for breach of contract.

2. TENDER—EFFECT
    Where an employé sues to recover for services performed under a contract, defendant is entitled to judgment, when before trial he tenders the amount due and costs, and keeps the tender good by paying the amount into court.

Appeal from municipal court, borough of Manhattan, First district.

Action by Stephen A. Fallon against Frederick M. Farber. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Alexander & Colby, for appellant.
Black, Olcott, Gruber & Bonynge, for respondent.

O'GORMAN, J. This action was brought to recover salary for the months of February and March, 1899, under a yearly agreement

between the parties made under date of December 22, 1898. Proof was offered by the defendant tending to show a resignation by the plaintiff on March 14, 1899. This evidence was sharply controverted, but it is undisputed that the plaintiff's services were not accepted by the defendant after that date. Even if the plaintiff's version of that transaction were to prevail, he would be confined in his recovery, under his pleading, to compensation for services actually performed. If he was discharged,—and his evidence would support such a conclusion,—his remedy for the period subsequent to March 14, 1899, was by an action for damages for breach of contract. Howard v. Daly, 61 N. Y. 362; Perry v. Dickerson, 85 N. Y. 345. As the defendant made a sufficient tender, before trial, of the amount due for services actually performed, with costs, and kept the tender good by paying the same into court, there should have been judgment for the defendant. Schmidt v. Hoffman, 18 Misc. Rep. 225, 41 N. Y. Supp. 477. When this case was previously before this court, it was found that the tender was insufficient, because of the failure of the defendant to pay the amount so tendered into court. Fallon v. Farber, 28 Misc. Rep. 197, 59 N. Y. Supp. 11. The record now before us, however, contains a stipulation, signed by the attorneys for both parties, admitting that the amount tendered was duly paid into court, and waiving all objections to the sufficiency and validity of such tender.

Judgment reversed, with costs to appellant, and judgment ordered for the defendant, with costs after tender. All concur.