### SKOLSKY v. HARVITT.

(Supreme Court, Appellate Term. March 10, 1910.)

PAYMENT (§ 22*)—CHECKS.

Where defendant gave plaintiff a postdated check in payment for goods purchased, and plaintiff indorsed it to a third party, who still holds it, this constituted payment, although the check has not been paid, and was a complete defense to an action for the price of the goods.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 87, 88; Dec. Dig. § 22.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Skolsky against Louis Harvitt. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Kahn & Hegt, for appellant.

Elias E. Kohner, for respondent.

GUY, J. This is an appeal by defendant from judgment in favor of plaintiff. The action is for goods sold and delivered; the only defense being payment. The evidence shows that defendant gave to plaintiff a postdated check in payment of the amount due, which check was never paid, but that plaintiff had parted with possession of the check by indorsing and delivering it to a third party, who still retains possession thereof. Under the authority of Fitch v. McDowell, 145 N. Y. 498, 40 N. E. 205, this constitutes payment, and is a complete defense to this action.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.