KITTIE B. SAWYER, Plaintiff, *v.* NICHOLAS A. MARMARO and Others, Defendants.

Supreme Court, Onondaga County, June 26, 1929.

*Spicer & Dutton*, for the plaintiff.

*John C. Smith*, for the defendants Joseph Simone and Frances Chiovitto.

BROWN, J.   Action is brought to foreclose a mortgage executed by defendants Marmaro upon premises now owned by defendants Simone and Chiovitto, it being contended by the plaintiff that there was a default in the payment of an installment of principal and interest due upon said mortgage on April 1, 1928.   Defendants Simone and Chiovitto contend that a six months' promissory note given by defendants Marmaro on such date constituted payment, and that, therefore, there has been no default.

Prior to April 1, 1928, defendants Marmaro, then the owners of said premises, executed and delivered their bond and mortgage to Harold H. Sawyer, plaintiff's assignor.   On April 1, 1928, there was outstanding upon said bond the sum of $1,800 and interest, and on said date there was due under the terms of said bond and mortgage an installment of $150 on the principal, and interest in the sum of $54.   Defendants Marmaro, being unable to make payment of same in cash, gave to said Harold H. Sawyer their six months' promissory note in an amount to cover said installment and interest and $20 additional as consideration for the extension

of time. The note was given and accepted with the understanding between the parties that it was not to constitute a payment upon the bond, nor to be credited upon the same, until the note had actually been paid. Subsequently, and on June 6, 1928, defendants Marmaro conveyed the said premises to defendants Simone and Chiovitto by a deed which recited that the premises were conveyed subject to a mortgage of $1,650, which the grantees, defendants Simone and Chiovitto, assumed and agreed to pay. On August 10, 1928, Harold H. Sawyer assigned the said bond and mortgage to his wife, the plaintiff herein, but retained possession and ownership of said promissory note which was not paid on October 1, 1928, when the same became due. It is by reason of such default that action in foreclosure is brought. Upon the trial of the action, Harold H. Sawyer was sworn as a witness, produced the said promissory note and offered its surrender in court.

Defendants Simone and Chiovitto contend, in the first place, that the giving of the promissory note by defendants Marmaro on April 1, 1928, and its acceptance by said Harold H. Sawyer, in and of itself constituted a payment. In answer to this contention, it may be stated that the note was accepted with the distinct understanding that the same would not operate as a payment nor be credited upon the bond until actually paid. But, moreover, had there been no such testimony, the acceptance of the note would not be held to constitute a payment. It is well established that the acceptance of a promissory note does not constitute a payment unless there is an express agreement to such effect. (*Feldman* v. *Beier*, 78 N. Y. 293; *Jagger Iron Co.* v. *Walker*, 76 id. 521; *Hoar* v. *Union Mutual Life Ins. Co.*, 118 App. Div. 416; *St. Albans Beef Co.* v. *Aldridge*, 112 id. 803; *Parrott* v. *Colby*, 6 Hun, 55.) The fact that the note was greater by twenty dollars than the amount actually due is, in my opinion, of no importance in this case.

In the second place, defendants Simone and Chiovitto contend that, even though the giving of the promissory note on April 1, 1928, did not constitute a payment, nevertheless the retention of the promissory note by Harold H. Sawyer at the time he assigned the bond and mortgage to the plaintiff operated as a payment of the installment upon principal and interest due April 1, 1928. In answer to this contention, it is to be borne in mind that on the trial of this action Harold H. Sawyer produced the note and offered its surrender. Had the promissory note been indorsed over to the plaintiff and had she made such offer of surrender of the note, there clearly could have been no question that the plaintiff would have been entitled to judgment for foreclosure. Is the

result to be different merely because the ownership and possession of the note was in her husband at the time of trial? I think not. The vital question is, not the identity of the person offering the note, but the fact that the note was offered up for surrender. All that is required is that the plaintiff should have produced and offered surrender of the note at the time of trial. (*Fitch* v. *McDowell*, 145 N. Y. 498; *Battle* v. *Coit*, 26 id. 404.) In the case of *Fitch* v. *McDowell* (*supra*), Williams, the mortgagee, was given a note to apply as a payment upon the mortgage when the note was paid. The note was discounted at the defendant bank and, upon non-payment, action was brought and judgment secured. In an action brought by the assignee of the mortgagee to foreclose the mortgage, the court in passing upon the question as to the allowance of the note as part payment wrote (at p. 500) as follows: " The transfer of the note by Williams to the defendant bank operated as a payment *pro tanto* of the mortgage so long as the note remained in the hands of a third party, and in such condition that the mortgagee could not produce and deliver it up on the trial of the foreclosure action." In the case at bar the note was in condition to offer for surrender, was actually offered, and, therefore, did not operate as a payment, and consequently there was a default allowing foreclosure. It is true that the defendants Simone and Chiovitto undoubtedly believed at the time of their purchase that there was only the principal sum of $1,650 due upon the mortgage, but such mistake was not in any way attributable to the mortgagee. Under their deed, defendants Simone and Chiovitto will have recourse against their grantors.

Plaintiff upon delivery of said promissory note to the clerk of the court for cancellation, is entitled to judgment of foreclosure.

Findings to be prepared accordingly.