ISAAC P. HARRIS, Respondent, Appellant, *v.* ROBERT S. DARBEE, as Substituted Trustee under the Last Will and Testament of KARL EUCHENHOFER, Also Known as KARL EICHENHOFER and as CHARLES EICHENHOFER, Deceased, and Others, Appellants, Respondents.

Second Department, June 30, 1933.

*Herman B. Forman,* for the plaintiff.

*Robert L. Callahan* [*Peter P. Smith* and *James J. McLoughlin* with him on the brief], for the defendants.

PER CURIAM. The tender, which was refused by the plaintiff in advance of its being formally made, did not discharge the lien of the mortgage. That tender was not intended to effect a discharge of the lien; it was merely to bring about an assignment of the mortgage and the lien. The tender was designed to keep the lien alive for assignment. The only form of tender which will discharge a lien is one that is made to bring about a satisfaction of the mortgage debt; such a tender is designed to extinguish the lien. (*Frost* v. *Yonkers Savings Bank,* 70 N. Y. 553, 558.) The fact that defendants were entitled, under section 275 of the Real Property Law, to require an assignment of the mortgage did not bring about a discharge of the lien when defendants had recourse to statutory provisions designed to enforce an assignment of a mortgage in lieu of a satisfaction thereof. The cases which hold that an assignment of a mortgage may be enforced under the statute, or even prior to and independent of it, do not involve a holding that recourse to such procedure effects a discharge of the lien. Those cases which enforce a right to an assignment of a mortgage in a proper case recognize that a tender of the amount due must be kept good or a deposit thereof made in court. (*Mahnk* v. *Blanchard,* 233 App. Div. 555; *Nelson* v. *Loder,* 132 N. Y. 288; *Werner* v. *Tuch,* 127 id. 217, 222.) It is only in the latter event that the running of interest is stopped.

The court may not deprive the plaintiff of the interest on his money. His obstinacy in refusing to make an assignment has been made the subject of appropriate proceedings by way of enforcing the execution of the assignment and punishing him for failure to make it. The degree of punishment inflicted upon him in these proceedings is the entire punishment, except in so far as his conduct has inequitably burdened the defendants. If the assignment had been executed, as requested, the defendants would have had to pay interest to the savings bank which offered to take over the mortgage. Presumably that rate during these years would have been five per cent, as set out in the mortgage.

Ordinarily plaintiff would be entitled to five per cent interest, the amount specified in the mortgage, up to the date of default and to

six per cent from that date (the latter being damages), but it must be presumed that the defendants would not have been asked to pay more than five per cent if plaintiff had made the assignment requested of him. His failure to make the assignment would operate to burden the defendants inequitably to the extent of one per cent if he were accorded rights which would ordinarily accrue to him. Hence the allowance of interest should be on a five per cent basis for the entire period. A greater deprivation would be inequitable to plaintiff and an undue enrichment of the defendants.

The judgment should be modified so as to grant plaintiff interest on principal of bond and mortgage at five per cent from day of default to date and by restoring to the judgment the two and one-half per cent allowance so as to conform to the decision upon which the judgment is based, and as so modified affirmed, without costs.

Present — LAZANSKY, P. J., KAPPER, HAGARTY, CARSWELL and TOMPKINS, JJ.

Judgment modified so as to grant plaintiff interest on principal of bond and mortgage at five per cent from the day of default to date, and by restoring to the judgment the two and one-half per cent allowance so as to conform to the decision upon which the judgment is based; and as so modified unanimously affirmed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on notice.